Stephen R. Thomas, ISB No. 2326
Tyler J. Anderson, ISB No. 6632
Moffatt, Thomas, Barrett, Rock &
        Fields, Chartered
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho  83701
Telephone  (208) 345-2000
Facsimile  (208) 385-5384
srt@moffatt.com
tya@moffatt.com
13-782.183

Attorneys for Defendant National
Marine Corps League and Certain
Member Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELVEN JOE SWISHER and WALTER O. LINDSEY,<br><br>                 Plaintiffs,<br><br>vs.<br><br>K.E. COLLINS, MIKE MEADE; PATRICK D. TEAGUE; STEVEN TEAGUE; JOSEPH VOLK; FRANK KISH; VIC VOLTAGGIO; DENNIS DRESSLER; BEN KEELEY; BRUCE R. TOLBERT; LT. COL. KAREN DOWLING; ROBERT GILMORE; BILL SNOW; DAVE LEWIS; JOHN DOE (Treasury Dept.-U.S. Agency); CHIEF WARRANT OFFICER W.E. MILLER; WILLIAM G. SWARENS; DUANE ANDERSON; MS. HARPER; MICHAEL A. BLUM; HELEN HICKS; A.M. GRAY; RICHARD "DICK" BROWN; JOHN DOES 1-15; JANE DOES 1-15; JOHN DOES 16-20; JANE DOES 16-20; NATIONAL MARINE CORPS LEAGUE (US corp.); IDAHO | Civil No. 06-338-S-EJL<br><br>**MARINE CORPS LEAGUE DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

**MARINE CORPS LEAGUE DEFENDANTS' MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS**

OBSERVER; DON HARKINS;
G. MICHALICK; WESLEY HOYT;
ROLAND HINKSON; HON. R. JAMES
NICHOLSON (V.A.-US Agency); JOHN
SNOW (Treasury Dept.-US Agency);
NATIONAL PERSONNEL RECORDS
CENTER (US Agency); IDAHO STATE
VETERANS SERVICE PROGRAM (Idaho
State Agency); GENERAL JOHN HAGEE
(USMC-US Agency); AGENT MONTY
STOKES; AGENT BILL LAMB; PAUL
HASTINGS; GREG TOWERTON; BARRY
GEORGOPOLOUS; VETERANS
ADMINISTRATION AND/OR
DEPARTMENT OF VETERANS AFFAIRS
(US Agencies),

                      Defendants.

**MARINE CORPS LEAGUE DEFENDANTS' MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS**

## Table of Contents

Page

I. INTRODUCTION.................................................................................................1

II. BACKGROUND ................................................................................................1

III. STANDARD OF REVIEW ...............................................................................3

IV. ARGUMENT .....................................................................................................4

    A. Plaintiffs Have Failed to State a Claim Against the League Defendants
       Under 42 U.S.C. § 1985...........................................................................4

        1. Plaintiffs have not alleged any actionable class-based or race-
          based discrimination....................................................................4

        2. Plaintiffs have not alleged that they suffered a deprivation of any
          property right................................................................................5

    B. Plaintiffs Have Failed to State a Claim Against the League Defendants
       Under the Americans with Disabilities Act. .........................................7

        1. Plaintiffs have not pled a cognizable claim under the ADA..................7

        2. Even if Plaintiffs had pled a cognizable ADA claim, such claim is
          not ripe for review.......................................................................7

    C. Plaintiffs Have Failed to State a Claim Against the League Defendants for
       a Violation of the Privacy Act. ..............................................................9

    D. Plaintiffs Have Failed to State a Claim Against the League Defendants for
       a Violation of Due Process....................................................................10

        1. Due process rights do not attach to membership in a voluntary
          private club.................................................................................10

         2. Judicial review of the League's expulsion decision is not
          warranted here.............................................................................12

    E. Plaintiffs Have Failed to State a Claim Against the League Defendants for
       a Denial of Equal Protection Under the Law. ....................................14

        1. Plaintiffs have not pleaded and cannot establish the requisite state
          action sufficient to warrant a claim under the 5th or 14th
          Amendments to the United States Constitution. ...................................14

BOI_MT2:638820.1

2.      Plaintiffs have not alleged that they are members of a protected suspect class under 5th and 14th Amendment case law. ......................15

F.      **Plaintiffs Have Failed to State a Claim upon Which Relief Can Be Granted Arising from the Termination/Suspension of Plaintiff Swisher's VA Benefits.** ..............................................................................................................15

G.      **Plaintiff Lindsey Has Failed to State a Claim upon Which Relief Can Be Granted.** ....................................................................................................................16

V.      **CONCLUSION** ........................................................................................................16

BOI_MT2:638820.1

## I.  INTRODUCTION

*Pro se* plaintiffs Elven Swisher and Walter Lindsey ("Plaintiffs") filed this lawsuit against several defendants, including the National Marine Corps League (the "League") and a number of its members[1] ("League Defendants").  Plaintiffs' sixty-three page Complaint and Demand for Trial by Jury ("Complaint") pleads a number of legal theories directed to all defendants as a whole, including violations of: 42 U.S.C. § 1985, the Due Process Clause of the 5th and 14th Amendments to the United States Constitution, the Equal Protection Clause of the United States Constitution, the Americans with Disabilities Act ("ADA"), and the Privacy Act.  For the reasons set forth below, Plaintiffs have failed to state a claim under any of these theories and, therefore, Plaintiffs' Complaint must be dismissed in its entirety.

## II.  BACKGROUND

For purposes of this motion only, League Defendants assume the truth of the facts alleged in the Complaint.  In point of fact, the League Defendants deny most of Plaintiffs' allegations; still, none of those allegations are legally sufficient to state a cognizable claim against the League Defendants.  Plaintiffs have formally pled three counts against the collective "Defendants," who comprise some forty named defendants and forty unnamed John Doe defendants.  Moreover, throughout the lengthy and laborious Complaint, Plaintiffs reference several legal theories without indicating to which defendants those therein apply.  Accordingly, the League Defendants will address all of those theories as they relate to the League Defendants.

---

[1] Those members are Mike Meade, Frank Kish, Vic Voltaggio, Dennis Dressler, Robert Gilmore, Duane Anderson, Michael A. Blum, Helen Hicks, A.M. Gray, Richard "Dick" Brown, National Marine Corps League, Paul Hastings, and Barry Georgopulos, Dave Lewis, and Bill Snow.

**MARINE CORPS LEAGUE DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 1**

Thus, when analyzing the League Defendants' motion to dismiss, it is important to identify which specific conduct was allegedly done by League Defendants to analyze whether a claim has been stated.

The gravamen of Plaintiffs' claims against the League Defendants relates to the change of their membership status with the League.  Specifically, plaintiff Elven Swisher alleges that he was expelled from the League, while plaintiff Walter Lindsey alleges he was suspended from the League for two years.  Complaint, ¶¶ 28, 31, 183, and 186.  Plaintiffs allege they were afforded a hearing on April 1, 2006, prior to the change in their membership status.  *Id.*, ¶¶ 54, 104, 127, 148, and 153.  Although Plaintiffs unnecessarily denigrate the April 1, 2006, hearing, they do not deny that such hearing indeed took place.

Plaintiff Swisher alleges that he was expelled because of a dispute regarding the accuracy of his claimed military record or service in the United States Marine Corps.  *Id.*, ¶ 125.  Plaintiff Swisher alleges that the dispute over the accuracy of his military service in the mid-1950's traces back to his prior testimony during a federal criminal trial in March 2005, styled, *United States of America v. David Roland Hinkson*, CR 04-27-S-RCT.  *Id.*, ¶¶ 19-20.  Following plaintiff Swisher's testimony at the criminal trial, an issue arose regarding the veracity of his claims about his military service, including the awards and medals he claims he was entitled to receive a result of that service.  *Id.*, ¶ 21.  Plaintiff Swisher alleges that during the April 1, 2006, hearing before a National Hearing Board of the League, defendant Paul Hastings provided the League Board, *inter alia*, with information that suggested plaintiff Swisher "could not have received the Navy and Marine Corps medal for heroism because it didn't exist until the 1990's . . ."  *Id.*, ¶ 125.  As a result of the April 1, 2006, hearing, plaintiff Swisher alleges he was expelled from the League for life.  *Id.*, ¶ 183.  Plaintiff Lindsey alleges that, as a result of the

**MARINE CORPS LEAGUE DEFENDANTS' MEMORANDUM**
**IN SUPPORT OF MOTION TO DISMISS - 2**

same April 1, 2006, hearing, he was suspended from the League for two years for "defending"

plaintiff Swisher. *Id.*, ¶¶ 183 and 186.

### III.    STANDARD OF REVIEW

The purpose of a Rule 12(b)(6) motion is to permit trial courts to terminate

lawsuits "that are fatally flawed in their legal premises and destined to fail, and thus to spare

litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys.,*

*Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).  Dismissal on the face of a

complaint is proper if it is clear that no relief could be granted under any set of facts that could

be proven consistent with the allegations. *McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th

Cir. 1988) (upholding judgment on pleadings when complaint failed to state claim upon which

relief could be granted); *see also Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir.

1995); 2A JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE*: Civil ¶ 12.07 (1994)

("Dismissal is proper if the complaint lacks an allegation regarding a required element necessary

to obtain relief.")  Dismissal under Rule 12(b)(6) is also appropriate when a successful

affirmative defense or other bar to relief appears on the face of the complaint. *Kansa Reins Co.*

*v. Cong. Mortgage Corp.,* 20 F. 3d 1362, 1366 (5th Cir. 1994).  Dismissal is appropriate here

because Plaintiffs' claims are fatally flawed, destined to fail, and no relief could be granted

against the League Defendants under any set of facts.

IV.    ARGUMENT[2]

A.    **Plaintiffs Have Failed to State a Claim Against the League Defendants Under 42 U.S.C. § 1985.**

The League Defendants join in and hereby incorporate by reference the Federal Defendants' and defendant Wesley Hoyt's arguments regarding Plaintiffs' failure to state a claim for relief under 42 U.S.C. § 1985.  *See* CR 17 at 12-15; CR 61-2 at 15-16.[3]  This joinder includes, without limitation, the argument that Plaintiffs have failed to state a claim under Section 1985(2) because neither plaintiff Swisher nor plaintiff Lindsey were parties to the *Hinkson* criminal trial.  *Id.* at 13; *David v. United States*, 820 F.3d 1038, 1040 (9th Cir. 1987) (concluding that a plaintiff could not state a cause of action under Section 1985(2) because she was not a party to the actions in which she was intimidated and therefore could not establish a cognizable injury under Section 1985(2)).  Moreover, the League Defendants present the following additional arguments in support of their motion to dismiss for Plaintiffs' failure to state a Section 1985 claim.

1.    **Plaintiffs have not alleged any actionable class-based or race-based discrimination.**

A critical element of a claim under Section 1985(3) is the existence of class-based or race-based discrimination.[4]  As the United States Supreme Court has articulated, to state a

---

[2] Plaintiffs identify themselves as pleading *in propria persona* and claim that their Complaint is not to be held to the same standards as practicing attorneys.  Complaint, ¶ 5; *compare* D. Idaho L. Civ. R. 83.7 ("Persons appearing without attorneys are required to become familiar with and comply with all Local Rules of this District, as well as the Federal Rules of Civil and/or Criminal Procedure."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364-66 (9th Cir. 1986) (finding that a *pro se* party is held to the same standard in responding to a motion for summary judgment as a represented party).

[3] The League Defendants reserve the right to join in any other argument, if applicable to the League Defendants, that is articulated by any co-defendant in this action.

[4] The Ninth Circuit Court of Appeals has explained that, "The original purpose of § 1985(3), which was passed as the Ku Klux Klan Act of 1871, was to enforce the rights of

claim under Section 1985(3), plaintiff must allege "some racial, or perhaps otherwise class-based, invidiously discriminatory ***animus*** behind the conspirators' action."  *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (emphasis added).  The "animus" requirement means that a plaintiff must allege that the conspirators' actions were motivated *by reason of* the plaintiff's race or class status.  *Bray v. Alexandria Clinic*, 506 U.S. 263, 70 (1993) (finding that allegation of discriminatory animus against "women in general" was insufficient to establish a Section 1985(3) and, instead, plaintiffs were require to demonstrate discrimination "by reason of their sex.").

  The only allegations in the Complaint of this genre relate to Plaintiffs' claimed membership in the Faithist Church and status as veterans with  "emotional problems."  Complaint, ¶¶ 9 and 162.  Putting aside for the moment whether these allegations meet the race or class requirement of Section 1985(3),[5]—they do not—there is no allegation that the League Defendants took action against plaintiffs ***by reason of*** their membership in the Faithist Church or because they were veterans with "emotional problems."  Accordingly, Plaintiffs have failed to plead facts to support the "animus" requirement, so their Section 1985(3) claims fail as a result.

  **2. Plaintiffs have not alleged that they suffered a deprivation of any property right.**

  As the Federal Defendants have argued, an essential element of Plaintiffs' Section 1985(3) claims is the existence of an injury to Plaintiffs' property or the deprivation of

---

African Americans and their supporters."  *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (citation omitted).

 [5] The Ninth Circuit suggests that such allegations that they were veterans with "emotional problems" are insufficient.  *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) ("We have extended § 1985(3) to protect non-racial groups only if 'the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny . . .'").

**MARINE CORPS LEAGUE DEFENDANTS' MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS - 5**  

any privilege of a citizen of the United States.  *See* CR 17 at 14, *citing Sever v. Alaska Pulp*, 978

F.3d 1529, 1536 (9th Cir. 1992).  Plaintiffs have not alleged—nor can they allege—a deprivation

of any property right by the League Defendants.  Simply put, Plaintiffs have no property interest

in membership to a private club such as the League.  *Moore v. Hyche*, 761 F. Supp. 112, 114

(N.D. Ala. 1991) (finding that plaintiff had no property interest in membership to high school

beta club); *Karnstein v. Pewaukee School Board*, 557 F. Supp. 565 (E.D. Wis. 1983) (finding

applicant for membership in the National Honor Society had no constitutionally protected liberty

or property interest in election to the society); *Price v. Young*, 580 F. Supp. 1 (E.D. Ark. 1983)

(same).[6]

In *Moore*, the district court concluded that a school age girl had no property

interest arising from the denial of her application for membership in her high school beta club

---

[6] A number of courts that have addressed whether membership in a private club rises to
the level of a constitutionally protected property or liberty interest have expressed annoyance
with such cases.  As one United States District Judge has noted:

> Our federal court system is being brought into ridicule and our
> Constitution is being debased by persons who proclaim themselves
> to be its strongest supporters: civil rights advocates and attorneys
> purportedly working in the public interest. By attempting to elevate
> mere personal desires into constitutional rights and claiming denial
> of their civil rights whenever their desires are not realized, these
> persons are demeaning the essential rights and procedures that
> protect us all.

*Dangler v. Yorktown Central Schools*, 777 F. Supp. 1175, 1176 (S.D.N.Y. 1991) (awarding
$60,000 in sanctions for filing a frivolous lawsuit challenging membership to the National Honor
Society); *Dangler v. Yorktown Central Schools,* 771 F. Supp. 625, 628 (S.D.N.Y. 1991)
(concluding that membership in the National Honor Society does not give rise to a property
interest which entitles one to due process of law).  Moreover, in the context of a federal civil
rights suit brought by a student who was dismissed from his high school band, another United
States District Judge has noted that, "Suits such as this trivialize our Constitution."  *Bernstein v.
Menard*, 557 F. Supp. 90, 91 (E.D. Va. 1982).

**MARINE CORPS LEAGUE DEFENDANTS' MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS - 6**

and, therefore, could not allege claims for violation of 42 U.S.C. § 1985 or for a violation of a

constitutional right to due process.  761 F. Supp. at 112-114.  Plaintiffs have not alleged that

membership in the League constitutes a recognizable property right, nor have they alleged any

legitimate entitlement to League membership.  In short, Plaintiffs have no protected property

interest in League membership and, therefore, cannot maintain a claim under Section 1985(3).

    **B.**    **Plaintiffs Have Failed to State a Claim Against the League Defendants Under the Americans with Disabilities Act.**

    **1.**    **Plaintiffs have not pled a cognizable claim under the ADA.**

Plaintiffs claim that several of the League Defendants violated the ADA, but cite

only to the "Findings and Purpose" section of the Act and fail to cite any substantive section

creating a cause of action or remedy.  *See, e.g.*, Complaint, ¶ 83.  The "Findings and Purpose" of

the ADA are set forth in 42 U.S.C. § 12101, whereas the "Enforcement" provisions are found in

42 U.S.C. § 12117.  Simply put, the "Findings and Purpose" section sets forth the background

for the discrimination that Congress designed the ADA to remedy, but such "Findings and

Purpose" section in no way creates a cause of action.  Accordingly, Plaintiffs' citation to such

provisions is insufficient to state a claim upon which relief can be granted under the ADA.

    **2.**    **Even if Plaintiffs had pled a cognizable ADA claim, such claim is not ripe for review.**

As this Court is aware, before a private right of action for alleged discrimination

under the ADA may be brought, there are administrative remedies which must first be exhausted,

such as filing a Charge of Discrimination with the EEOC or, as allowed under Idaho law, with

the IHRC.  *See generally* 42 U.S.C. § 2000e-5(e)(1) (setting forth procedure for filing charge of

discrimination); Idaho Code § 67-5907 (same).  The Ninth Circuit, consistent with virtually

every other Circuit Court of Appeals, has adopted the Title VII analytical framework when

**MARINE CORPS LEAGUE DEFENDANTS' MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS - 7**
          

dealing with claims of discrimination brought under the ADA.  *See Brown v. City of Tucson*, 336

F.3d 1181, 1189 n.13 (9th Cir. 2005); *Barnett v. U.S. Air, Inc*., 228 F.3d 1105, 1121 (9th Cir.

2000); 42 U.S.C. § 12117(a) (the powers, remedies, and procedures of Title VII apply to claims

brought under the ADA).[7]

   In order to file a private claim of discrimination, federal law requires an aggrieved

party to file a charge of discrimination with the appropriate human rights agency, e.g., the EEOC

or the IHRC within 180 days after the alleged unlawful employment practice occurred.

42 U.S.C. § 2000e-5(e)(1) (2003) (emphasis added).  On the record before the Court, Plaintiffs

have failed to file any charge of discrimination and, therefore, Plaintiffs' ADA claims are not

ripe for review by this Court.

   Even if Plaintiffs had filed a timely charge of discrimination, however, there is no

allegation or record establishing that Plaintiffs have exhausted such claims with an appropriate

human rights agency.  Specifically, in those cases where a charge of discrimination is filed and

subsequently adjudicated by either the EEOC or the IHRC, the claimant is required to proceed

with further judicial remedies within certain time frames.  Notably, a claimant must file a

discrimination claim with the district court within ninety days of the human rights agency's

adjudication of the charge of discrimination.  *See* 42 U.S.C. § 2000e-5(f)(1).[8]  The "requirement

---

[7] *Accord Sarno v. Douglas Elliman-Gibbons & Ives, Inc*., 183 F.3d 155, 159 (2d Cir. 1999); *Talanda v. KFC National Management Co*., 140 F.3d 1090, 1095 (7th Cir. 1998); *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998); *Penny v. United Parcel Service*, 128 F.3d 408, 417 (6th Cir. 1997); *Stewart v. Happy Herman's Cheshire Bridge*, 117 F.3d 1278, 1287 (11th Cir. 1997); *Soileau v. Guilford of Maine, Inc*., 105 F.3d 12, 16 (1st Cir. 1997).

[8] Federal courts interpreting the time requirements for filing a private discrimination suit have held that "[u]nder the 1972 Amendments, Title VII provides that a person claiming to be aggrieved has a 90 day period within which to file a civil action upon receipt of his Notice of Right to Sue from the EEOC.  It is now well established that this 90 day period is jurisdictional

for filing a Title VII civil action within 90 days from the date EEOC dismisses a claim

constitutes a statute of limitations," and where the "claimant fails to file within 90-day period,

the action is barred accordingly." *Scholar v. Pacific Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992)

(citation omitted).

      In short, Plaintiffs' ADA claims are not ripe for review and must be dismissed in

light of Plaintiffs' complete failure to follow and exhaust the administrative process outlined

above.

      **C.**    **Plaintiffs Have Failed to State a Claim Against the League Defendants for a Violation of the Privacy Act.**

      Plaintiffs also attempt to allege a claim against several defendant "agencies" for

violations of the Privacy Act. *See, e.g.,* Complaint, ¶ 177.  To the extent that Plaintiffs allege a

claim for violation of the Privacy Act against the League Defendants, such claim must fail

because it is only available against the agencies of the United States charged with maintaining

the privacy and/or confidentiality of records.  The League Defendants have no such status or

duty and, therefore, cannot be held liable for a violation of the Privacy Act.

      The civil remedies provision of the Privacy Act authorizing a claim for violation

of the act expressly applies to government *agencies*.  The Act states:

    (g)(1) Civil Remedies. — Whenever any *agency*

                        * * *

    (D) fails to comply with any other provision of this section, or any
    rule promulgated thereunder, in such a way as to have an adverse
    effect on an individual, the individual *may bring a civil action*
    *against the agency*, and the district courts of the United States

---

and mandatory." *Caldwell v. Martin Marietta Corp.*, 632 F.2d 1184, 1186 (5th Cir. 1980)
(emphasis added) (*citing Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974), and *McDonnell
Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

> shall have jurisdiction in the matters under the provisions of this
> subsection.

5 U.S.C. § 552a(g)(1) (emphasis added).  As the Ninth Circuit has stated:

> Although the protection afforded by the Privacy Act is broad, its
> civil remedy provision is far less expansive. This court has held
> that the private right of civil action created by the Privacy Act, see
> 5 U.S.C. § 552a(g)(1) (providing that a private individual "may
> bring a civil action against the agency"), "***is specifically limited to
> actions against agencies of the United States Government***. ***The
> civil remedy provisions of the statute do not apply against private
> individuals***, state agencies, ***private entities***, or state and local
> officials," *Unt v. Aerospace Corp*., 765 F.2d 1440, 1447 (9th Cir.
> 1985); *see also St. Michael's Convalescent Hosp. v. California*,
> 643 F.2d 1369, 1373 (9th Cir. 1981) (holding that the Privacy Act
> provides no private right of action against "state agencies or
> bodies").

*Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999) (emphasis added).  Numerous federal

authorities are in accord.  *See, e.g., Martinez v. Bureau of Prisons,* 444 F.3d 620, 624 (D.C. Cir.

2006).  Additionally, the Privacy Act states that for any suit brought under Section (g)(1)(D) "in

which the court determines that the agency acted in a manner which was intentional or willful,

the ***United States*** shall be liable . . ." for such violations.  5 U.S.C. § 552a(g)(4) (emphasis

added).  The League is not a government agency and the League Defendants are not agents of the

United States.  Therefore, Plaintiffs' claims against such defendants for violations of the Privacy

Act must be dismissed.

    **D.**    **Plaintiffs Have Failed to State a Claim Against the League Defendants for a
Violation of Due Process.**

        **1.**    **Due process rights do not attach to membership in a voluntary private
club.**

There exist two key elements to a claim for a violation of due process under the

United States Constitution.  First, a plaintiff must allege and prove the existence of state action.

*Duncan v. Louisiana*, 391 U.S. 145, 147-48, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968).  Second, a

plaintiff must allege and prove deprivation of a property interest.  *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).  As the United States Supreme Court has stated, the Due Process Clause does not protect everything that might be described as a benefit.  Instead, "a person clearly must have more than an abstract need or desire" and "more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it."  *Id.*

Plaintiffs have failed to allege the prerequisite state action necessary to state a claim for violation of the Due Process Clause.  The "United States Constitution . . . protects individual rights from government action, not private action."  *Single Moms, Inc. v. Montana Power Co.*, 331 F.3d 743, 749 (9th Cir. 2003).  In the context of allegations of a violation of due process by members of a private club, courts addressing the issue have concluded that no actionable claim exists.  "Many cases dealing with social club expulsion talk in terms of due process. In the traditional sense, due process is protection against state action. We fail to see its relevance in disputes between a voluntary private social club and its members."  *Hartung v. Audubon Country Club, Inc.*, 785 S.W.2d 501, 503 n. 1 (Ky. Ct. App. 1990); *Rose v. Zurowski*, 236 Ga. App. 157, 511 S.E.2d 265 (1999) (due process safeguards guaranteed by state and federal constitution did not apply to hearing conducted by private social club on restricting member's rights to club's social quarters);  *see also Garvey v. Seattle Tennis Club*, 60 Wash. App. 930, 808 P.2d 1155 (Div. 1 1991).  Accordingly, Plaintiffs' claims must fail, as the League Defendants are not state actors and no constitutional due process issues arise from the modification of their membership status.

Moreover, as demonstrated above, Plaintiffs have alleged no entitlement to membership in the League.  For that reason, Plaintiffs have not identified any protected property interest sufficient to state a claim for violation of the Due Process Clause and such claim must

**MARINE CORPS LEAGUE DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 11**

fail.  Even if Plaintiffs had pled requisite state action and deprivation of a property interest,

Plaintiffs *admit and acknowledge* that they received a hearing from the League on April 1, 2006,

prior to the change in their membership status.  Accordingly, under the allegations in Plaintiffs'

own Complaint, there is no actionable claim for violation of due process because Plaintiffs

received a hearing.

> ### 2.      Judicial review of the League's expulsion decision is not warranted here.

Plaintiffs claims that the League changed their membership status in violation of

the League's bylaws.  *See, e.g.,* Complaint, ¶ 165.  The governing body of a voluntary, private,

recreational, or social club is the final arbiter of the sufficiency of causes for expulsion of a

member of the club.  *Everglades Protective Syndicate, Inc. v. Makinney*, 391 So. 2d 262 (Fla.

App. 1980); *Reed v. Quatkemeyer*, 647 So. 2d 172 (Fla. Dist. Ct. App. 2d Dist. 1994) (absent a

property interest, the governing body of a private social organization is the final arbiter of the

sufficiency of cause for expulsion).  Accordingly, judicial review of the League's decision to

expel plaintiff Swisher is not warranted here.

In very few cases, judicial review of a private club "is limited to enforcement of

the organization's own rules."  *Hartung v. Audubon Country Club, Inc*.,  Ky. App., 785 S.W.2d

501, 503 (1990); *Garvey v. Seattle Tennis Club*, 60 Wash. App. 930, 808 P.2d 1155 (1991)

(stating that when a court intervenes in the internal affairs of a club, it is only to determine

whether the club violated its own rules).  In *Garvey*, the Washington Court of Appeals held that

the relationship between a private club and its members was one of contract.  *Id.* at 933.  At best,

plaintiff Swisher has alleged a claim for breach of contract.  However, even if Plaintiffs had

alleged a cognizable contract claim, this Court has no subject matter jurisdiction over such claim.

Plaintiffs allege that this Court's subject matter jurisdiction is derived from the existence of a federal question under 28 U.S.C. § 1331.  Complaint, ¶ 1.  Accordingly, to exercise jurisdiction over state law claims, this Court must look to the doctrine of supplemental jurisdiction as codified in 28 U.S.C. § 1367.  For the reasons argued in this Memorandum, Plaintiffs' federal law claims fail and, as a result, this Court may also exercise its discretion in favor of dismissing the remainder of Plaintiffs' supplemental state law claims.  *See* 28 U.S.C. § 1367(c)(3).

Section 1367 allows this Court to exercise supplemental jurisdiction over state law claims where the Court has an independent basis for original jurisdiction.  *Id.* § 1367(a). However, the Court's exercise of supplemental jurisdiction is not absolute or automatic. Specifically, the "district courts may decline to exercise supplemental jurisdiction over a claim" if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> ***(3) the district court has dismissed all claims over which it has original jurisdiction, or***
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* § 1367(c)(1)-(c)(4) (emphasis added).  As the Supreme Court has stated, and the Ninth Circuit Court of Appeals has often repeated, "'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Aeri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1998)).

This Court and its colleagues have recognized that, upon dismissal of a party's federal claims that provide the basis for original jurisdiction, exercising its discretion in favor of dismissing supplemental state law claims is appropriate. *Western Wholesale Supply, Inc. v. Holladay*, 2000 WL 33716996, *17 (D. Idaho Feb. 29, 2000) (Winmill, C.J.); *Richards v. City of Richfield*, 2005 WL 1694071, *5 (D. Idaho July 18, 2005) (Boyle, J.); *Martin v. School Dist. No. 394*, 393 F.Supp. 2d 1028, 1038 (D. Idaho 2005) (Lodge, J.); *Internet Access Service Providers LLC v. Real Networks, Inc.*, 2005 WL 1244961, *2 (D. Idaho May 25, 2005). Because Plaintiffs' federal law claims are subject to dismissal, the League Defendants respectfully request this Court to exercise its discretion in favor of dismissing any state law claims.

**E.   Plaintiffs Have Failed to State a Claim Against the League Defendants for a Denial of Equal Protection Under the Law.**

**1.   Plaintiffs have not pleaded and cannot establish the requisite state action sufficient to warrant a claim under the 5th or 14th Amendments to the United States Constitution.**

To properly plead a claim for a violation of equal protection under the United States Constitution, a plaintiff must allege and prove the existence of state action. *Nordlinger v. Hahn*, 505 U.S. 1, 10, 112 S.Ct. 2326, 120 L.Ed.2d 1 (1992) ("The Equal Protection Clause . . . keeps governmental decision-makers from treating differently persons who are in all relevant respects alike."). As demonstrated in Section IV.D.1 above, Plaintiffs have not pleaded and cannot establish the requisite state action by the League Defendants sufficient to warrant a claim for a constitutional violation of the Equal Protection Clause against the League Defendants. Accordingly, such claim must fail.

     2.      **Plaintiffs have not alleged that they are members of a protected suspect class under 5th and 14th Amendment case law.**

Even if Plaintiffs can establish the requisite state action to maintain an equal protection claim against the League Defendants, Plaintiffs have not alleged that the League Defendants took action against them <u>because of</u> their membership in any protected class. *See, e.g., Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) (stating that the Equal Protection Clause prevents discrimination against persons *on the basis of* the membership in a suspect class). As demonstrated above, it is dubious whether Plaintiffs being members of the Faithist church and/or veterans with "emotional problems" rise to the level of a suspect class under equal protection jurisprudence. *See* Section IV.A.1, fn. 4. However, even assuming that such allegations were sufficient, Plaintiffs have not alleged that the League Defendants took action against them <u>by reason of</u> their membership in a protected class. *See* Section IV.A.1. Accordingly, Plaintiffs' equal protection claims must fail.

     F.      **Plaintiffs Have Failed to State a Claim upon Which Relief Can Be Granted Arising from the Termination/Suspension of Plaintiff Swisher's VA Benefits.**

The League Defendants are not responsible for granting or administering benefits from the Department of Veterans' Affairs ("VA"). To the extent that Plaintiffs attempt to allege claims against the League Defendants arising from the termination or suspension of plaintiff Swisher's VA benefits, the League Defendants join in and hereby incorporate by reference defendant Wesley Hoyt's arguments regarding Plaintiffs' failure to state a claim for relief for termination of VA benefits. 1985. *See* CR 61-2 at 5-12.

**MARINE CORPS LEAGUE DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 15**

**G.**     **Plaintiff Lindsey Has Failed to State a Claim upon Which Relief Can Be Granted.**

In comparison to the allegations related to plaintiff Swisher, the allegations relating to plaintiff Lindsey are exceeding attenuated to the core of this suit.  For example, there is no allegation that plaintiff Lindsey testified at the *Hinkson* criminal trial and, therefore, plaintiff Lindsey cannot state a claim under Section 1985(2).  Aside from repeating the background of his military service, plaintiff Lindsey primarily alleges that, as of April 1, 2006, he was suspended from the League for two years for "defending" plaintiff Swisher.  Complaint, ¶¶ 183 and 186.  For all of the reasons set forth above, plaintiff Lindsey has failed to state a claim upon which relief can be granted and plaintiff Lindsey's claims must be dismissed in their entirety.

## V.     CONCLUSION

For the foregoing reasons, the League Defendants respectfully request this Court to grant their motion to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted and dismiss this case in its entirety.

DATED this 22nd day of January, 2007.

MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHARTERED

By _____
Stephen R. Thomas – Of the Firm
Attorneys for Defendant National
Marine Corps League and Certain
Member Defendants

**MARINE CORPS LEAGUE DEFENDANTS' MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS - 16**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of January, 2007, I caused a true and correct copy of the foregoing **MARINE CORPS LEAGUE DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

Maurice O. Ellsworth
Trevor L. Hart
PERRY LAW, P.C.
2627 W. Idaho St.
P.O. Box 637
Boise, ID 83701-0637
*Attorneys for Defendants Idaho Division of Veterans Services and Its Employees Patrick D. Teague, Steven Teague and Ben Keeley*

David P. Claiborne
RINGERT CLARK CHARTERED
455 S. 3rd
P.O. Box 2773
Boise, ID 83701-2773
*Attorneys for Defendants Idaho Observer, Don Harkins, Roland Hinkson, and Greg Towerton*

Victoria L. Francis
Assistant U.S. Attorney
U.S. ATTORNEY'S OFFICE
P.O. Box 1478
Billings, MT 59103
*Attorneys for Defendants K.E. Collins, Bruce R. Tolbert, Lt. Col. Karen Dowling, Chief Warrant Officer W.E. Miller, William G. Swarens, Ms. Harper, G. Michaelick, R. James Nicholson, John Snow, National Personnel Records Center, General John Hagee, Agent Monty Stokes, Agent Bill Lamb, and Department of Veterans Affairs*

Mark S. Prusynski
MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
P.O. Box 829
Boise, ID 83701
*Attorneys for Defendant Wesley Hoyt*

AND, I HEREBY CERTIFY that on this 22nd day of January, 2007, I caused a true and correct copy of the foregoing **MARINE CORPS LEAGUE DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** to be served by the method indicated below, and addressed to the following non-CM/ECF Registered Participants:

Elven Joe Swisher
304 Garrett St.
Cottonwood, ID 83522
*Plaintiff Pro Se*

(✓) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile

Walter O. Lindsey
3506 23rd St.
Lewiston, ID 83501
*Plaintiff Pro Se*

( X ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile

Stephen R. Thomas