Elven Joe Swisher
304 Garrett Street
Cottonwood, Idaho 83522

Walter O. Lindsey
3506 23rd Street
Lewiston, Idaho 83501



### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Elven Joe Swisher, Pro Se<br>Walter O. Lindsey, Pro Se<br><br>Plaintiffs,<br><br>vs.<br><br>K. E. Collins; Mike Meade; Patrick D. Teague; Steven Teague; Joseph Volk; Frank Kish; Vic Voltaggio; Dennis Dressler; Ben Keeley; Bruce R. Tolbert; Lt. Col. Karen Dowling; Robert Gilmore; Bill Snow; Dave Lewis; John Doe (Treasury Dept.-US agency); Chief Warrant Officer W.E. Miller; William G. Swarens; Duane Anderson; Ms. Harper; Michael A. Blum; Helen Hicks; A.M. Gray; Richard "Dick" Brown; John Doe #1 through John Doe #15; Jane Doe #1 through Jane Doe #15; John Doe #16 through John Doe #20; Jane Doe #16 through Jane Doe #20; National Marine Corps League (US corp.); Idaho Observer; Don Harkins; G. Michalick; Wesley Hoyt; Roland Hinkson; Honorable R. James Nicholson (V.A.-US agency); John Snow (Treasury Dept-US agency); National Personnel Records Center (US agency); Idaho State Veterans Service Program (Idaho State agency); General John Hagee (USMC-US agency); Agent Monty Stokes; Agent Bill Lamb; Paul Hastings; Greg Towerton; Barry Georgopulos; Veterans Administration and/or Department of Veterans Affairs (US agencies)<br><br>Defendants | BRIEF IN REPLY AND OPPOSITION TO MARINE CORPS LEAGUE DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS<br><br><br><br>CASE NO.<br><br>CIV-06-00338-S-EJL |

In Defendants Marine Corps League, et al Memorandum in Support of their Motion to Dismiss, Defendants allege in their "Introduction" (page 1) that Plaintiffs have failed to state a claim. This is untrue and examples and evidence is submitted herein.

On page 2, Defendants are partially correct regarding the fact that a Marine Corps League hearing took place on April 1, 2006. Defendants fail to indicate whether or not this hearing was fair and impartial. The Fifth Amendment provides in pertinent part that, "nor be deprived of life, liberty or property, without due process of law." "Due process" is denied when a meaningful hearing id denied, as in this cause.

Regarding Defendants Standard of Review on page 3 of their Memorandum, a Motion to dismiss under FRCP 12 (b)(6) will be granted only if it appears beyond doubt that the Plaintiff can prove no set of facts in support of Plaintiff's claim which would entitle him to relief, Conley v.s Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L. Ed.2d 80 (1957), Allwaste, Inc. V. Hecht, 65 F.3d 1523, 1527 (9th Cir. 1995); Parks Sch. of Bus., Inc. V. Symington 51 F. 3d 1480, 1484 (9th Cir. 1995). "The issue is not whether Plaintiff will ultimately prevail but whether the [plaintiff] is entitled to offer evidence in support of claims," Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L. Ed. 2d 90 (1974).

In response to Defendants Argument on page 4 and top of page 5 of Defendants Memorandum, please see Plaintiffs Brief in Opposition to Motion to Dismiss Federal Agencies and Federal Employees by United States Attorney. Beginning with the last paragraph at the bottom of page 9 and continuing through the second paragraph on page 10, "Regarding defense counsels contention that Plaintiffs have failed to state a claim under 42 USC § 1985 related to Plaintiff Swisher having testified in Federal Court in the David Hinkson criminal matter, defense counsel muddies the water in her

BRIEF IN REPLY AND OPPOSITION TO MARINE CORPS LEAGUE
DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS            -2-

presentation of what the Plaintiff must show. There are basically four elements that must be shown, [1] Conspiracy by Defendant (see Complaint and Plaintiffs Affidavit with Exhibits attached to this Brief), [2] To injure party or witness in his person or property (again see Complaint and Affidavit with Exhibits), [3] Because of attending Federal Court or testifying in any manner pending in Federal Court, [4] Resulting in injury or damages to Plaintiff. A description of damages incurred at time of Complaint filing are listed therein. Conspirators have been successful in having Plaintiff Swisher's benefits cut and direct benefit payments to him stopped as they so conspired to do, leaving him without significant income for support, Portman v. County of Santa Clara, C.A.9 (Cal) 1993, 995 F.2d 898, "Conspiracy". Also physical injuries, stress related, emotional distress and defamation of character. Other damages are loss of development money as indicated in Plaintiffs Complaint.

Additionally; 42 § 1985 at 195, "attending court or testifying, obstruction of justice or intimidating party, witness or juror." The word "attended" as used in that section of 42 § 1985 <u>gives cause of action against those who conspire to injure any party or witness for his having attended court or testified</u>." Because Plaintiff Swisher was a witness who testified, he has been <u>injured by the overt acts of Defendants and conspirators, in his person and has suffered extreme damages</u>. Plaintiffs most assuredly can maintain a cause of action."

Also see Plaintiffs Reply Brief to Defendant Wesley Hoyt's Memorandum in Support of 12 (b)(6) Motion to Dismiss, middle of page 18, "Civil rights statue creating cause of action under § 1985 (2) for conspiracy to injure party or witness on account of having "attended" or testified in federal court contains no requirement of class based animus, but Plaintiff must prove four elements;

conspiracy by defendant, to injure party or witness in his person or property because of "attending" federal court or testifying in any manner pending in federal court, resulting in injury or damages to plaintiff, Portman vs. County of Santa Clara, C.A. 9 (CAL) 1983, 995 F 2d 898 (conspiracy). Again the word "attended" gives cause of action. The aforementioned criteria have been met." Also see Complaint, page 56 ¶ 161, "It should be noted that the civil right statue creating Plaintiffs cause of action initially arises from Plaintiff Swisher having testified in Federal Court in the David Hinkson criminal matter. Because of this, no class based animus is required."

Regarding item 1 on page 4 of Defendants Memorandum, see Complaint page 56 ¶¶ 159 and 162, much has been made of the fact that Plaintiff Swisher, who has been classified as a one hundred percent (100%) disabled American veteran and is medically diagnosed as thirty percent (30%) P.T.S.D. (Post Traumatic Stress Disorder) combat related and the fact that Plaintiff disabled American veteran Lindsey was discharged early from the Marine Corps because of his disabilities. Conspirators have violated the purposes and intent of the American Disabilities Act and have slandered both Plaintiffs. Conspirators intent is to impede justice and deny Plaintiffs' equal protection of the law. However, Defendants actions were also motivated by class based invidiously discriminatory animus because Plaintiffs Swisher and Lindsey are both disabled American veterans who have had emotional problems and have religious and political viewpoints different from those of the Defendant conspirators."

Also see Plaintiffs Reply Brief to Defendant Wesley Hoyt's Memorandum in Support of 12(b)(6) Motion to Dismiss and additional examples in this Brief in Reply and Opposition to Marine Corps League Defendants' Memorandum in Support of Motion to Dismiss.

BRIEF IN REPLY AND OPPOSITION TO MARINE CORPS LEAGUE
DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS                -4-

Defendants have failed to realize that Plaintiffs' status as disabled American veterans now qualify as a protected class under Title 42 § 1985 (3). If each of the Defendants named will check the Complaint, they will find the Plaintiffs listed the intent of Congress under the Americans with Disabilities Act (A.D.A.) of 1990, Section 603 at Section 2, wherein (1) "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities."

In passing the A.D.A., Congress expressly found that historically, society has tended to isolate and segregate individuals with disabilities and despite some improvements, such forms of discrimination against individuals with disabilities continues to be a serious and pervasive social problem. Title 42 USC § 12101 (a)(2), "Congress has made it clear that discrimination against individuals with disabilities must be forcibly cast aside."

Courts have held that discrete and insular minorities are protected under § 1985 (3). In Trautz v. Weisman, United States District Court, No. 92 CIV 0534 (GLG). The Court determined that the clear intent of Congress was that individuals with disabilities now qualify as a protected class under § 1985 (3).

Regarding Defendants statement that Plaintiffs have not alleged that they suffered a deprivation of any property rights, please see Damages section of Complaint, paragraphs 179 through 186. Also, see Kush v. Rutledge, 460 U.S. 719 (1983) 460 U.S. 719, wherein the United States Supreme Court held that No allegations of racial or class-based invidiously discrimination animus are required to establish a cause of action under the first part of §1985(2). "Congress did not intend to impose a

BRIEF IN REPLY AND OPPOSITION TO MARINE CORPS LEAGUE
DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS          -5-

requirement of class-based animus on persons seeking to prove a violation of their rights under the first part of § 1985(2). The legislative history supports this conclusion. Pp 724-727." And, "Given the structure of 2 of the 1871 Act, it is clear that Congress did not intend to impose a requirement of class-based animus on persons seeking to prove a violation of their rights under the first clause of 1985(2)."

Then in regards to, "the gist of the wrong at which § 1985(2) is directed is not deprivation of property, but intimidation or retaliation against witnesses in federal-court proceedings. The terms "injured in his person or property" define the harm that the victim may suffer as a result of the conspiracy to intimidate or retaliate. Thus, the fact that employment at will is not "property" for purposes of the Due Process Clause, see Bishop v. Wood, 426 U.S. 341, 345-347 (1976), does not mean that loss of at-will employment may not "injur[e] [petitioner] in his person or property" for purposes of § 1985(2).

The importance of the last statement is, of course, that the United States Supreme Court finding that, "the fact that employment at-will is not "property" for purposes of the Due Process Clause does not mean that loss of at-will employment may not "injure petitioner [Plaintiffs] in their person or property" for purposes of  § 1985(2). Remember, as a result of defamation, harrassment and discrimination, Plaintiff Lindsey was forced to leave his employment of fourteen years and Plaintiff Swisher lost valuable benefits and business opportunities. There is little question that Plaintiffs have suffered deprivation of personal and property rights. As a result of Defendants actions, Plaintiffs have been forced to exhaust their savings and sell both personal and real property in order to survive.

Also, the Defendants Memorandum, top of page 6, regarding property interest in a "private club," Plaintiffs quickly point out that Defendants statements that the Defendant Marine Corps League

is a private club and all the arguments in that regard, should be completely ignored for the following reasons: (1) The Defendant Marine Corps League is a non-profit corporation as determined by the Internal Revenue Service. (2) The Defendant Marine Corps League was incorporated by an Act of Congress on August 4, 1937 (copy of Charter and Incorporation attached to Defendant Lindsey's Affidavit as Exhibit A. (3) In it's Charter at section c, the Defendant Marine Corps League has the right to sue and be sued. (4) The Defendant Marine Corps League is subject to the laws of the United States and various States it operates in.

The Defendant Marine Corps League, along with the members involved in the Conspiracy including the State actors and private parties acted under color of law and deprived Plaintiffs of the equal protection of the laws. Defendants intent was to deprive Plaintiffs of their rights guaranteed against private impairment. The United States Supreme Court has ruled that "private parties" may be held to the same standard of "State actors" in cases such as this one, where the final and decisive act was carried out in conspiracy with a State official, see Dennis v. Sparks, 449 U.S. 24, 101 S.Ct. 183 and Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598.

Defendants comments on pages 7 and 8 of their Memorandum are off target because Plaintiffs conspiracy claims do not involve the agencies quoted. Regarding Defendants statements about the exhaustion of administrative remedies, see Plaintiffs Reply Brief to Defendant Wesley Hoyt's Memorandum in Support of 12 (b)(6) Motion to Dismiss dated February 12, 2007. Where under the circumstances previously given via Plaintiffs Reply to Defendant Hoyt, there is little, to no likelihood, that Plaintiff Swisher's Appeal to Defendant Veterans Administration, a.k.a. Department of Veterans Affairs, will be effective, Plaintiff should not be required to exhaust that issue which is significantly off target and not a part of this litigation.

In response to Defendants item C on page 9 of Marine Corps League Defendants' Memorandum in Support of Motion to Dismiss, be assured that Plaintiffs are only suing federal agencies for their respective violations of the Privacy Act.

Regarding item D on page 10, Plaintiffs have stated a claim against the Defendants in this matter. Due process violations do attach to corporations and the Defendant Marine Corps League is not a private club as previously explained in this Brief. State action has been alleged and will be further defined in this Reply. Pages 11 and 12 of Defendants' Memorandum are off point as they continue to refer and quote laws in respect to clubs, not corporations.

On page 13 of Defendants' Memorandum in Support of Motion to Dismiss, Defendants comments are somewhat confusing and perhaps mis-representative regarding the court's subject matter jurisdiction. Plaintiffs believe that jurisdiction exists under Title 28 USC § 1343 to address claims pursuant to 42 USC § 1985. Plaintiffs also believe that in view of their conspiracy complaint sufficiently setting forth claims under §§ 1983 and 1985 of Title 42, federal district court has jurisdiction by virtue of § 1331 of this Title, concerning federal question jurisdiction and this section gives district courts original jurisdiction of civil actions to recover damages and secure redress by way of equitable and other relief for deprivation of constitutional and civil rights whether resulting from conspiracy or direct act, Klor v. Hannon, D. C. Cal. 1967, 278 F.Supp. 359.

The remainder of Marine Corps League Defendants' Memorandum in Support of Motion to Dismiss seems to be based on the premise that claims against federal employees in their individual capacities will be dismissed and on that basis they contend that all state law claims should be dismissed (Memorandum pages 13 & 14. Plaintiffs obviously disagree with Defendants contentions

on the remaining pages of their Motion to Dismiss. Plaintiffs have alleged Defendants violations of the Fifth and Fourteenth Amendments of the United States Constitution and have briefly pointed out violations in their Complaint and more recently in their replies to Motions to Dismiss by the United States Attorney, Defendant Wesley Hoyt and by their recent Exparte Motion for a Temporary Order Prohibiting Defendants from Continued and Needless Harassment of Plaintiffs dated January 29, 2007 with attachments. Discrimination, defamation, exparte contacts with hearing officers or boards and conspiracy have deprived Plaintiffs of their property without due process of law which is a violation of the Fifth Amendment. Many of these acts were performed under color of law and in fact, violated the Fourteenth Amendment. All Defendants were initially plead as aiding in the conspiracy against Plaintiffs. The conduct of the federal and State employees was different in kind from that authorized and far beyond the authorized time and space limits or too little actuated by a purpose to serve the master. The Defendant Marine Corps League corporation individual members acted other than in the normal course of their corporate duties and members such as Defendant Dave Lewis's actions were predicated on personal ambition and gain. Following the termination of Plaintiff Swisher and suspension of Plaintiff Lindsey, Defendant Lewis replaced Plaintiff Swisher, following more illegal activity, as Detachment Commandant.

Regarding the requisite state action comment by defense counsel located on page 14, please see Plaintiffs Reply Brief to Defendant Wesley Hoyt's Memorandum in Support of 12 (b)(6) Motion to Dismiss pages 3, 4, 5, 6, 7, 8, 12, 13, 14, 15 and 16 and the remainder of this Reply. Plaintiffs Reply Brief to Defendant Wesley Hoyt's Memorandum in Support of 12 (b)(6) Motion to Dismiss gives somewhat of a condensed chronological review of the conspirators activities up to the point that Plaintiff Swisher was reinstated on August 16, 2005 to his Marine Corps League billets following an intensive investigation by the Department of Idaho Marine Corps League.

BRIEF IN REPLY AND OPPOSITION TO MARINE CORPS LEAGUE
DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS        -9-

Following that reinstatement, the conspirators kick into high gear and began to openly discriminate against both Plaintiffs, see Complaint, ¶¶ 148, 149 and 151. Defendant Hoyt made contacts with Plaintiff Swisher's ex-wife, divorced 27 years ago and then released information to the other conspirators and Defendant National Marine Corps League that Plaintiff Swisher <u>had raped four of his daughters</u>. That information was radio broadcasted and placed on the world wide web.

Plaintiff Lindsey's ex-wife who is remarried to a NezPerce County Deputy Sheriff, was also contacted by Defendant Hoyt and thereafter filed stalking charges against Plaintiff Lindsey. Following much harassment of Plaintiff Lindsey by law enforcement personnel. Eventually, he was acquitted of the stalking charges but was convicted on a misdemeanor charge of disturbing the peace, which generally involves a one hundred dollar ($100.) fine. In Plaintiff Lindsey's case, because of exparte contacts by the conspirators and local law enforcement, including Defendants Hoyt, Hinkson and Volk, Plaintiff Lindsey was placed on two years probation (which coincidently corresponds with his two year suspension from the Defendant Marine Corps League corporation). Proof of Defendant Hoyt's contact with Plaintiff Swisher's ex-wife was radio broadcast by Defendant Roland Hinkson and then placed on the world wide web (see Plaintiff Swisher's Affidavit excepts attached to Plaintiffs Exparte Motion for a Temporary Order Prohibiting Defendants from Continued and Needless Harassment of Plaintiffs, transcript of the Lou Epton Show, aired in LasVegas on May 25, 2005, page 11, line 13 and page 12, line 2.

Defendant Joseph Volk contacted Idaho State Veteran Service Officer (and Defendant Marine Corps League member), Defendant Steven Teague and Defendant Mike Meade (who is a former State Department Marine Corps League officer) and they all went out of the corporate chain of command, in violation of corporate By-Laws, to national officers of the Defendant Marine Corps League in order to get disabled veterans, Plaintiffs Swisher and Lindsey.

BRIEF IN REPLY AND OPPOSITION TO MARINE CORPS LEAGUE
DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS          -10-

Direct contact was made by those conspirators with Defendants A.M. Gray (Honorary National Marine Corps League Commandant) and Frank Kish, who, as National Commandant of the Defendant Marine Corps League, at that time, willingly acquiesces to these exparte contacts and impliedly entered into the conspiracy against disabled veterans Plaintiffs Swisher and Lindsey. Defendant Kish had the potential to stop the illegal behind the scenes activity, but refused to do so and as such, conspired in the discriminatory illegalities in violation of Plaintiffs Constitutional rights. Thereafter, on August 29, 2005, Defendant Volk mailed mis-representative and falsified records regarding Plaintiffs to Defendants Helen Hicks, Richard Brown, A.M. Gray and others. A short time thereafter, Defendants Volk, Roland Hinkson and Hoyt sent similar defamatory correspondence to National Judge Advocate, Defendant Vic Voltaggio, regional Judge Advocate, Defendant Bob Gilmore, Defendants Dennis Dressler, Barry Georgopulos, Paul Hastings, Michael A. Blum and Duane Anderson. Personal followup exparte contacts were made by State Veteran Service Officers, Defendants Ben Keeley, Steven Teague (a Defendant Marine Corps League member) and Defendants Volk, Roland Hinkson, Towerton with Defendants C.W.O. Miller, Swarens, Anderson, Harper, Gray, Brown, Idaho Observer, Don Harkins, Blum, Michalick, Hastings, Georgopulos and in particular, Defendant Vic Voltaggio.

Defendant Frank Kish, who was the National Commandant of the Defendant Marine Corps League, was provided the mis-representative and falsified information regarding Plaintiff Swisher. He decided, without inquiry, and at the behest of State Veterans Service Officers, Defendants Keeley, Patrick and Steven Teague (also Marine Corps League members), Marine Corps League members, Defendants Meade, Lewis, Bill Snow, Volk and Defendants Roland Hinkson and Towerton, to help

in the conspiracy. Defendant Kish called for a second investigation of Plaintiff Swisher at the national level so that Plaintiff Swisher could be convicted of crimes, via the corporations By-Laws, that he had not committed. In fact, at one point, when asked about Plaintiff Swisher, Defendant Kish replied that Plaintiff Swisher was never ever in the Marine Corps. Defendant Kish appointed Defendant Dressler to be the one lone investigating officer to do the conspirators bidding. After that, conspirators, Defendants, listed above but not limited to, had exparte contacts with Defendant Dressler. Defendant Volk wrote to Defendant Dressler with the blessing of Defendants Kish, Gilmore, Teagues, Keeley, Hinkson, Harkins, Voltaggio, Bill Snow, Lewis, Meade, Anderson, Blum, Gray, Brown, Hastings, Georgopolus and Hoyt. His letter sent to Dressler at the end of August 2005 indicates previous exparte contact. At that time, Defendant Volk ends the correspondence with the statement, "I am looking forward to a hearing board regarding Swisher's expulsion." Correspondence is attached to Affidavit of Plaintiff Walter O. Lindsey in Support of Brief in Reply and Opposition to Marine Corps League Defendant's Memorandum in Support of Motion to Dismiss as Exhibit B.

At about this same time, on August 26, 2005, Plaintiff Lindsey (who was the Department of Idaho Marine Corps League Commandant and Jr. Vice Commandant, Northwest Division) sent an email to Defendant National Marine Corps League officer, Defendant Bob Gilmore, briefly explaining what was going on following Plaintiff Swisher's reinstatement to his Detachment and State billets. Of some significance are the references to Defendants Lewis, Bill Snow, Volk and Voltaggio. As National Judge Advocate, Defendant Voltaggio states that these people, previously mentioned Defendants, "need to follow the chain of command." Of course, Defendants contacts with national officers had already occurred (email attached to Affidavit of Plaintiff Walter O. Lindsey in support of this Brief as Exhibit C).

Immediately prior to this occurrence, it has been mentioned that Defendants, including those previously mentioned, wrote and published articles that were then posted on the world wide web. These articles were part of the conspiracy to injure the "reputation of the Plaintiffs" which has resulted in extreme damage to Plaintiffs. By posting the defamatory articles on the internet, Defendants have effectively ruined and damaged business opportunities for both Plaintiffs. Plaintiffs have not talked to any Marine Corps League members or business associates who have not read the articles from the Defendants Idaho Observer, Don Harkins and audios and videos posted by Defendant Roland Hinkson, Hoyt, Volk and others, who have not failed to understand them. Many of the individuals contacted will no longer talk to Plaintiffs (see excepts of Affidavit of Elven Joe Swisher in Support of Ex Parte Motion for a Temporary Order Prohibiting Defendants from Continued and Needless Harassment of Plaintiffs and Exhibits).

Plaintiffs believe that every Defendant, conspirator and co-conspirator has liability in this matter, Weber v. Cueto, 253 Ill. App. 3d 509, 191 Ill, Dec 593, 624 N.E. 2d 442 (5th Dist, 1993). To clarify, the gist of the libel and slander (defamation) are statements involving the imputation of a crime on the part of Plaintiffs. Example; Plaintiff Swisher is said to be guilty of at least six felonies including; (1) perjury, (2) extortion, (3) blackmail, (4) rape and (5) fraud while Plaintiff Lindsey is said to be a (1) liar, (2) thief and (3) stalker.

These statements by Defendants constitute a false imputation of criminal conduct. In this case, general damages are presumed to result by interference of law and are not required to be proved by evidence, Wilhoit v. W.C.S.C., Inc. (App) 293 S.C. 34, 358 S.E.2d 397, 13 Media L.R. 2156. In short, Plaintiffs have not been convicted of any of these crimes and have been seriously damaged, perhaps irreparably, by the defamatory statements.

BRIEF IN REPLY AND OPPOSITION TO MARINE CORPS LEAGUE
DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS            -13-

Moving along, Plaintiff Lindsey sent an email on October 16, 2005 (attached as Exhibit D to Plaintiff Lindsey's Affidavit attached hereto) to Defendant Voltaggio explaining what had happened and mentioning what is going on with other members of the Marine Corps League including Defendants Hinkson, Volk, etc.

Thereafter, on December 8, 2005, Defendant Lindsey received an email communication (marked Exhibit E of Plaintiff Lindsey's Affidavit) from Idaho State Veterans Service Officer (Program Supervisor), Defendant Patrick Teague, who attacks the investigation team that re-instated Plaintiff Swisher and then forwarded two files from Idaho State Veterans Service records stating that they leave, "No doubt as to his [Plaintiff Swisher's] claims being false." Plaintiff Lindsey answered, pointing out that much of the information received from top State official, Defendant Patrick Teague, was unofficial garbage prepared by Defendant Hinkson, et al. On December 9, 2005, Defendant Patrick Teague replied by email (attached as Exhibit F to Plaintiff Lindsey's Affidavit attached hereto) to the effect that, "He [Plaintiff Swisher] is a fake and you know it as well as I do."

On February 4, 2006, another email (attached as Exhibit G to Affidavit of Plaintiff Walter O. Lindsey) was sent to Defendant Dressler explaining what had happened, including violation of By-Laws and mentioning that there was other evidence that national should see (as he was acting as the investigator for national) and insisting that Plaintiff Swisher had been cleared of the charges.

No replies were forthcoming and Plaintiff Lindsey wrote to Defendants Kish and Voltaggio on February 24, 2006, again indicating that the investigation of Plaintiff Swisher was over. At the bottom of page 2, 5th paragraph in this email, Plaintiff Department of Idaho Commandant Walter Lindsey attests to the type of Marine Plaintiff Swisher is and in paragraph 6, among other things, feels

BRIEF IN REPLY AND OPPOSITION TO MARINE CORPS LEAGUE
DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS         -14-

"that perhaps Hinkson paid individuals or uniformed officials, is a usurpation of our Departmental powers and freedoms." A copy was forwarded to Defendant Gilmore (attached as Exhibit H to Plaintiff Lindsey's Affidavit). Following this communication, Plaintiff Lindsey was suspended by letter dated March 7, 2006 and stripped of all rank and authority. The witness against him being other conspirators, Defendants Lewis, Bill Snow and Volk (attached to Affidavit of Plaintiff Lindsey as Exhibit I). Said suspension of Department of Idaho Commandant, Plaintiff Lindsey was in violation of corporate By-Laws and State of Idaho corporation law at 30-3-43 previously quoted.

Thereafter, an illegal hearing with many violations of Plaintiffs rights, in violation of corporate By-Laws and Idaho State laws was held with the members who had exparte contacts with the other conspirators. For example: an officer presiding at an adjudicatory hearing may not consult a person or party on a fact or issue unless a notice and opportunity for all parties to participate is given, 5 U.S.C.A. § 57 (a)(1).

As previously mentioned, at a break during the Defendant National Marine Corps League hearing, investigating officer Defendant Dressler was seen openly embracing Faye Hinkson and Defendant Roland Hinkson, who were present with other conspirators. Immediately following the hearing, Defendant Voltaggio was overheard stating to Defendant Hinkson and other conspirators and Defendants regarding Plaintiffs Swisher and Lindsey, "we finally got those disabled sick-os'. We have the power." All of which is discriminatory and a violation of due process and equal protection. The prejudice and bias of the tribunal were so tainted as to be illusory.

Exparte communications by adversarial parties to a decision maker in an adjudicatory proceeding are prohibited because they are fundamentally at variance with due process, Doe v. Hampton, C.A.R.C. 1977, 566 F.2d 265, 184 U.S. App D.C. 373. Some proof of exparte contacts

BRIEF IN REPLY AND OPPOSITION TO MARINE CORPS LEAGUE
DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS        -15

immediately prior to the April 1, 2006 hearing, with indications that the hearing results were known prior to that hearing are as follows:

(a) Email dated 3/15/06 from Defendant Anderson to investigative officer Defendant Dressler (attached to Plaintiff Lindsey's Affidavit at Exhibit J). Fourth paragraph reads, "This I am told these charges are mostly revenge instigated.". At paragraph 5, "There will most likely be members removed from the League." And paragraph 7, "I have it solid that four league officials from D.C. are flying into Spokane on April 1. If you need their names and titles, I will provide also."

(b) Also email of 3/15/6 back from unknown national source (passed on to Sam and Defendant Dennis Dressler), "Thanks Duane. This is asinine that Department of Idaho wants to keep this hearing a secret." " This info right now is still between you and I." "Nothing new yet, probably some time next week, more will be out." Signed, "Deep Througt", (attached as Exhibit K to Plaintiff Lindsey's Affidavit).

(c) Then an email from e-miller to 1536940@earthlink.net dated 3-27-06, subject Sat. 1 April. Then passed on from Andersonmold to undisclosed recipients regarding what Defendant National Marine Corps League wants them to wear if they attend the hearing (attached as Exhibit L to Plaintiff Lindsey's Affidavit).

(d) Yet another email sent on 3/30/06 which Defendant Anderson states that his national source is D.T. and his word is straight. D.T. is believed to be one of the hearing board members because he flew from out of state to be in Lewiston for the April 1, 2006 hearing (Exhibit M attached to Plaintiff Lindsey's Affidavit attached hereto). Talks about the new Lewiston Detachment Commandant who via Defendant Voltaggio actions, removed Al Cole from that position, that was then taken over by conspirator, Defendant Lewis.

Because of his refusal to join the conspirators in their persecution of Plaintiff Swisher, Plaintiff Lindsey had to be punished and disposed of. Remember, Defendants had threatened to "cut his balls off" if he [Plaintiff Lindsey] continued to support Plaintiff Swisher and then, as a national group of conspirators, followed through on this threat. Defense counsel is correct inasmuch as Plaintiff Lindsey did not testify at the David Hinkson trial. However, as Department of Idaho Commandant, he stood in the conspirators way in getting at and continuing their vendetta against Plaintiff Swisher.

Defendants could not accuse Plaintiff Lindsey of perjuring himself as a witness, so they began to actively discriminate against him as a disabled American veteran with emotional problems. They succeeded in causing great injuries to his person and property.

In short; the conspirators caused Plaintiff Lindsey to be pressured, threatened, harassed and intimidated by State officials and local law enforcement officers and by their actions, Plaintiff Lindsey was injured in person and property for lawfully attempting to enforce his and Plaintiff Swisher's rights to equal protection of the laws, Farkas v. Texas Instrument, Inc. C.A. 5 (Tex) 1967, 375 F.2d, Certiorari denied 88 S. Ct 480, 389 U.S. 977, 19 L.Ed 2d 471.

In closing, Plaintiffs have alleged and (via evidence submitted with the Briefs), produced facts material to this cause. Plaintiffs have been injured and deprived of their rights and privileges as citizens of the United States by acts done in furtherance of "the conspiracy" mentioned in section 1985 of Title 42.

Additionally, Plaintiff Swisher has stated that because he was a federal witness for the prosecution and attended and testified at the David Hinkson criminal trial on January 14, 2005, that a conspiracy to injure him because of his testimony has occurred. Through the overt acts of conspirators, Plaintiffs have been injured both in their person and property via, including, but not limited to, harassment and defamation by Defendants.

BRIEF IN REPLY AND OPPOSITION TO MARINE CORPS LEAGUE
DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS              -17-

District Court has the jurisdiction to issue preliminary injunctions against the violations of civil rights, People by Abrams v. Terry, C.A.2 (NY) 1995, 45 F3d 17. Under Title 28 § 1343, the District Courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person. And to recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42, which he had knowledge were about to occur and power to prevent.

Respectfully submitted by Plaintiffs this 13th day of February, 2007.

_____
Elven Joe Swisher, Pro Se

_____
Walter O. Lindsey, Pro Se