IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ELVEN JOE SWISHER and<br>WALTER O. LINDSEY, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. CV 06-338-S-EJL |
| | ) | |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| K.E. COLLINS, MIKE MEADE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Currently pending before the Court is Plaintiffs' Ex Parte (Expedited) Motion for a

Temporary Order Prohibiting Defendants from Continued and Needless Harassment of Plaintiffs.

(Docket No. 70).  Plaintiffs have not given Defendants or their attorneys notice of this Motion.

The Court, however, may grant a temporary restraining order without notice to Defendants if it

clearly appears that immediate and irreparable loss or damage will result to Plaintiffs before

Defendants can be heard in opposition.  Fed. R. Civ. P. 65(b).  Considering this stringent

standard for the relief requested by Plaintiffs, and after careful review of the record, the Court

enters the following Report and Recommendation pursuant to 28 U.S.C. § 636(b).

## I.

### DISCUSSION

Although Plaintiffs have cited no rule or other authority to support their Motion, it

appears the request for a temporary order is being made pursuant to Federal Rule of Civil

Procedure 65.

**REPORT & RECOMMENDATION - 1**

### A.      Standards of Law

The Court may grant a request for a temporary restraining order made without written or oral notice to the adverse party or that party's attorney "*only* if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."  Fed. R. Civ. P. 65(b) (emphasis added).

### B.      Discussion

This action arises from Plaintiff Swisher's testimony against David Hinkson in a felony murder case in 2005.  *Complaint*, p. 6 (Docket No. 1).  Plaintiffs claim, among other things, that several individuals have been involved in a conspiracy to discredit Plaintiff Swisher and to question his military service record as part of the process to overturn the conviction of David Hinkson.  *Id.* at pp. 5-7.

Plaintiffs now request that the Court enter an order 1) instructing Defendants to cease publishing any disparaging articles about Plaintiff Swisher, 2) requiring Defendants to remove all disparaging information from their own and associated internet web sites, 3) prohibiting Defendants from making disparaging remarks in television, the Associated Press, or via the internet, and 4) "preventing [Defendants'] continued vilification of federal officials."  *Plaintiffs' Motion*, p. 2 (Docket No. 70).  Plaintiffs' Motion is not supported by a Memorandum setting forth the points and authorities supporting their position, *see* D. Idaho Loc. Civ. R. 7.1(b), but it is accompanied by the Affidavit of Plaintiff Elven Joe Swisher ("Swisher") (Docket No. 70, Att.

**REPORT & RECOMMENDATION - 2**

2).

Swisher avers that publications regarding his testimony against David Hinkson "have and continue to cause great injury to Plaintiffs." *Swisher Affidavit*, p. 2 (Docket No. 70, Att. 2). Specifically, Swisher states that his only income is a small social security check, he needs employment to survive, and "[i]t is a simple matter for anyone [he applies] to work for" to access negative information about him on the internet. *Id.* at p. 11.  He does not state, however, whether he has been refused employment because of the information about him on the internet. *See, e.g., Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) (explaining that speculative injury does not constitute irreparable injury).

Additionally, the publications Swisher cites as examples of those he would like removed from the internet were released by the Idaho Observer in February 2005 and April 2006 and the radio and television interviews by Roland Hinkson of which Swisher complains aired in May 2005, March 2006, and May 2006.  *Swisher Affidavit*, pp. 2-10 (Docket No. 70, Att. 2).  That the information has been available to the public since February 2005 undermines any claim by Plaintiffs that it is clear "*immediate* and irreparable injury, loss, or damage will result . . . *before the adverse party or that party's attorney can be heard in opposition*."  Fed. R. Civ. P. 65(b) (emphasis added).  Under Rule 65(b) and Ninth Circuit case law, a plaintiff may obtain a temporary restraining order only where he can "*demonstrate* immediate threatened injury."  *See, e.g., Caribbean Marine*, 844 F.2d at 674 (emphasis in original) (explaining that speculative injury does not constitute irreparable injury).

Moreover, Swisher states that he did not notify opposing counsel of the Motion because of the urgency of the matter and because "not all Defendants have answered or notified Plaintiffs

**REPORT & RECOMMENDATION - 3**

of their counsel." *Swisher Affidavit*, p. 11 (Docket No. 70, Att. 2).  However, the articles Swisher wants removed from the internet were posted by Defendant Idaho Observer and the televison and radio interviews Plaintiff would like to stop are those given by Defendant Hinkson. These Defendants are represented by counsel in this matter and have responded to Plaintiffs' Complaint.  Accordingly, the fact that some named Defendants may not yet have been served or responded to the Complaint has little impact on the ability of the Idaho Observer and Ronald Hinkson to respond to Plaintiffs' requested injunction.

Finally, a temporary restraining order can be effective for only ten days, providing little, if any, meaningful relief to Plaintiffs.  A request for a preliminary injunction under Federal Rule of Civil Procedure 65(a) would better provide relief to Plaintiffs should they be entitled to that relief.  Requesting a preliminary injunction would also provide Defendants an opportunity to respond to Plaintiffs' requested injunctive relief.

For all these reasons, and particularly because Plaintiffs have failed to demonstrate why the relief requested should be granted before Defendants have an opportunity to respond, the Court recommends that Plaintiffs' Motion for a temporary restraining order be denied.

## II.

## RECOMMENDATION

Based on the foregoing, it is recommended that the District Court enter an order denying Plaintiffs' Ex Parte (Expedited) Motion for a Temporary Order Prohibiting Defendants from Continued and Needless Harassment of Plaintiffs (Docket No. 70).

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636 and District of Idaho Local Civil Rule 72.1.  If written objections

**REPORT & RECOMMENDATION - 4**

are not filed within the specified time, the right to raise factual and/or legal objections in the

Ninth Circuit Court of Appeals may be waived.

DATED:  **March 1, 2007**.



_____

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**REPORT & RECOMMENDATION - 5**