Stephen R. Thomas, ISB No. 2326
Tyler J. Anderson, ISB No. 6632
MOFFATT, THOMAS, BARRETT, ROCK &
         FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho  83701
Telephone  (208) 345-2000
Facsimile  (208) 385-5384
srt@moffatt.com
13-782.183

Attorneys for Defendant National
Marine Corps League and Certain
Member Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELVEN JOE SWISHER and WALTER O. LINDSEY,<br><br>             Plaintiffs,<br><br>vs.<br><br>K.E. COLLINS, MIKE MEADE; PATRICK D. TEAGUE; STEVEN TEAGUE; JOSEPH VOLK; FRANK KISH; VIC VOLTAGGIO; DENNIS DRESSLER; BEN KEELEY; BRUCE R. TOLBERT; LT. COL. KAREN DOWLING; ROBERT GILMORE; BILL SNOW; DAVE LEWIS; JOHN DOE (Treasury Dept.-U.S. Agency); CHIEF WARRANT OFFICER W.E. MILLER; WILLIAM G. SWARENS; DUANE ANDERSON; MS. HARPER; MICHAEL A. BLUM; HELEN HICKS; A.M. GRAY; RICHARD "DICK" BROWN; JOHN DOES 1-15; JANE DOES 1-15; JOHN DOES 16-20; JANE DOES 16-20; NATIONAL MARINE CORPS LEAGUE (US corp.); IDAHO OBSERVER; DON HARKINS; G. MICHALICK; WESLEY HOYT; | Civil No. 06-338-S-EJL<br><br>**MARINE CORPS LEAGUE DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

**MARINE CORPS LEAGUE DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**                                                           BOI_MT2:642551.1

ROLAND HINKSON; HON. R. JAMES NICHOLSON (V.A.-US Agency); JOHN SNOW (Treasury Dept.-US Agency); NATIONAL PERSONNEL RECORDS CENTER (US Agency); IDAHO STATE VETERANS SERVICE PROGRAM (Idaho State Agency); GENERAL JOHN HAGEE (USMC-US Agency); AGENT MONTY STOKES; AGENT BILL LAMB; PAUL HASTINGS; GREG TOWERTON; BARRY GEORGOPOLOUS; VETERANS ADMINISTRATION AND/OR DEPARTMENT OF VETERANS AFFAIRS (US Agencies),

                Defendants.

## TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT ........................................................................................................................1

    A. **Plaintiffs' Submission of Extrinsic Evidence Need Not Convert the League Defendants' Motion to Dismiss into a Motion for Summary Judgment.** ..........................................................................................................1

    B. **Plaintiffs Have Failed to State A Claim For Relief Against the League Defendants Under 42 U.S.C. § 1985.** ....................................................................3

    C. **Plaintiffs Have Failed to State a Claim Against the League Defendants Under the Americans with Disabilities Act.** ..........................................................6

    D. **Plaintiffs Have Failed to State a Claim Against the League Defendants for a Violation of Due Process or Equal Protection under the Law.** .....................7

    E. **Plaintiffs Have Failed to State A Claim for Defamation.** .................................9

    F. **This Court May and Should Decline to Exercise Judicial Review over the League's Expulsion Decision Because Subject Matter Jurisdiction Does Not Exist for Such Claim.** ......................................................................................10

III. CONCLUSION ..................................................................................................................10

## I.   INTRODUCTION

In opposing the motion to dismiss for failure to state a claim filed by the National Marine Corps League's (the "League") and a its members' (collectively, the "League Defendants"), *pro se* plaintiffs Elven Swisher and Walter Lindsey ("Plaintiffs") have offered the Court eighteen more pages of what amounts to a mere extension of the allegations in their Complaint and Demand for Trial by Jury ("Complaint").  While Plaintiffs have successfully papered the Court's record, they have not successfully stated a claim upon which relief can be granted.  As a result, Plaintiffs' Complaint must be dismissed in its entirety.

## II.   ARGUMENT

In their opposition brief, Plaintiffs make admissions and concessions that require dismissal of certain claims against the League Defendants.  First, Plaintiffs concede that they are "only suing federal agencies for their respective violations of the Privacy Act."  Plaintiffs' Opposition Br. (CR 83) at 8.  As a result of this admission, any claim for violation of the Privacy Act against the League Defendants must be dismissed.  Second, Plaintiffs admit that "[d]efense counsel is correct inasmuch as Plaintiff Lindsey did not testify at the Hinkson trial." *Id.* at 17.  As a result of this admission, Plaintiff Lindsey has failed to state a claim under 42 U.S.C. § 1985(2) against the League Defendants and such claim must be dismissed in its entirety.

### A.   Plaintiffs' Submission of Extrinsic Evidence Need Not Convert the League Defendants' Motion to Dismiss into a Motion for Summary Judgment.

In opposing the numerous motions to dismiss filed by the several defendants in this case, Plaintiffs' briefing has served to explicate the claims identified in Plaintiffs' Complaint (CR 1).  But Plaintiffs misunderstand the nature of a Rule 12(b)(6) challenge to their Complaint, as Plaintiffs contend that they have stated a claim upon which relief can be granted by submitting extrinsic evidence outside of the allegations in their Complaint. *Id.* at 2.  Specifically, Plaintiffs

have submitted an affidavit of Walter O. Lindsey (CR 84) attaching several unauthenticated hearsay documents—primarily in the form of e-mails and letters—and nearly every exhibit fails to meet the threshold standards for admissibility under Rule 56(e).[1]

Because Plaintiffs' have presented extrinsic evidence outside of the pleadings to oppose the League Defendants' motion to dismiss, this Court may choose to exclude such extrinsic evidence, or it may convert the League Defendants' motion into a motion for summary judgment. *See* Fed. R. Civ. P. 12(b); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n. 4 (9th Cir. 1998). The League Defendants request this Court to exclude Plaintiffs' extrinsic evidence and not convert their motion to dismiss, first, because a motion to dismiss tests the pleadings and not the evidence and, second, because nearly all of Plaintiffs' extrinsic evidence fails to meet the threshold standards for admissibility under Rule 56(e).[2] Moreover, the League Defendants request this Court to consider Plaintiffs' opposition briefing not as an amended complaint but as a mere explication of Plaintiffs' sixty-three page Complaint. In any event, should the Court convert to Rule 56 and grant less than all of the League Defendants' motion, then the League Defendants reserve their rights to bring further motions properly styled *ab initio* a motion under Rule 56.

---

[1] With the exception of the August 4, 1937 Public Laws excerpt from the 75th Congress reflecting the creation of the National Marine Corps League (Exhibit A), the remaining exhibits attached to the Lindsey Affidavit (CR 84) are comprised of unauthenticated hearsay letters and e-mails (Exhibits B – M).

[2] Because of the evidentiary issues associated with the admissibility of Plaintiffs' extrinsic evidence, such evidence could not be considered even if this Court were to convert the League Defendants' motion to dismiss to a motion for summary judgment. *See* Fed.R.Civ.P. 56(e) (opposing party must introduce admissible, specific facts based on personal knowledge).

**MARINE CORPS LEAGUE DEFENDANTS' REPLY MEMORANDUM**
**IN SUPPORT OF MOTION TO DISMISS - 2**                                               BOI_MT2:642551.1

> B.      **Plaintiffs Have Failed to State A Claim For Relief Against the League Defendants Under 42 U.S.C. § 1985.**

If anything, Plaintiffs' opposition briefing has helped sharpen the focus of this dispute. It reveals the primary thrust of their Complaint to be that the several defendants engaged in a conspiracy that is allegedly actionable under 42 U.S.C. § 1985. The League Defendants articulated in their opening brief the reasons why Plaintiffs failed to state a claim under Section 1985 (CR 63-2 at 4-7), so those arguments will not be repeated here. However, in their opposition briefing, Plaintiffs have attempted to state *additional* bases for their Section 1985 claims that require some attention (CR 83 at 3-6). These moving defendants object to any new mere argument of counsel not contained in the Complaint, i.e., a pleading authorized by Federal Rule of Civil Procedure 8.

First, Plaintiffs argue that Swisher falls within the scope of protection afforded by Section 1985 because he "attended" and testified at the Hinkson criminal trial. Plaintiffs' argument ignores the Ninth Circuit authority that the League Defendants cited in their opening brief which holds that Plaintiffs do not have standing to bring a Section 1985 claim because Swisher was not a party to the Hinkson criminal trial. *See* CR 63-2 at 4, citing *David v. United States*, 820 F.3d 1038, 1040 (9th Cir. 1987). Significantly, Plaintiffs have failed to address and distinguish such controlling authority. Yet, even putting aside that failure, Plaintiffs still have not stated a claim upon which relief can be granted for other independent reasons.

Congress passed Section 1985 in 1871 as part of the Ku Klux Clan Act, in close proximity to the Civil War and the passage of the 13th, 14th, and 15th Amendments to the United States Constitution. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). The historical context of the passage of Section 1985 is important, because it serves to illuminate the type of harm that Congress intended to remedy by passing the Ku Klux Clan Act and Section

**MARINE CORPS LEAGUE DEFENDANTS' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS - 3**                                      BOI_MT2:642551.1

1985. Indeed, as the United States Supreme Court later explained, "That the statute was meant to reach private action does not, however, mean that it was intended to apply to all tortious, conspiratorial interferences with rights of others." *Griffin v. Breckenridge*, 403 U.S. 88, 101, 91 S.Ct. 1790, 1798 (1971). To the contrary, the federal courts have consistently given Section 1985 a very narrow scope.

For example, in an oft-cited case, the Third Circuit Court of Appeals traced the history of Section 1985 and concluded that a criminal defendant convicted for transporting stolen U.S. Treasury Bonds could not bring a cause of action under Section 1985 based upon allegations that the prosecuting attorney and cooperating witnesses conspired to use perjured testimony at trial and conceal exculpatory evidence. *Brawer v. Horowitz*, 535 F.2d 830, 839-840 (3rd Cir. 1976).[3] In reaching its conclusion, the Third Circuit explored the textual changes of Section 1985 since its passage and quoted from the congressional floor debates regarding the Ku Klux Klan Act. *Id.* at 838-39. One such quoted passage from the congressional debates illustrates a specific reason why Plaintiffs' Section 1985 claims must fail:

> [SENATOR] EDMUNDS: . . . We do not undertake in this bill to interfere with what might be called a private conspiracy growing out of a neighborhood feud of one man or set of men against another . . .

*Id.* at 839. At best, Plaintiffs' have set out to allege a claim against the League Defendants for a private conspiracy growing out a dispute in a private association. Accordingly, Plaintiffs' Section 1985 claims fits the very mold to which Senator Edmunds referred during the floor debates on the Ku Klux Klan Act and, as a result, such claim is not actionable under Section 1985.

---

[3] The *Brawer* decision has been cited with approval numerous times in the Ninth Circuit Court of Appeals. *See, e.g.*, *Dooley v. Reiss*, 736 F.2d 1392 (9th Cir. 1984).

**MARINE CORPS LEAGUE DEFENDANTS' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS - 4**                                     BOI_MT2:642551.1

Plaintiffs also contend that they have stated a claim against the League Defendants under Section 1985 because they are "disabled veterans" and Congress intended such individuals to qualify as a protected class under Section 1985(3). *See* Plaintiffs' Opposition Br. (CR 83) at 5. In short, Plaintiffs contend that they are members of a class of disabled veterans and may therefore bring a claim under Section 1985(3). This very argument was recently addressed, and rejected, in the United States District Court for the Western District of North Carolina. *See Cloaninger v. McDevitt*, 2006 WL 2570586 (W.D.N.C. Sept. 3, 2006). In *Cloaninger*, a disabled veteran brought an action under Section 1985(3), alleging he was beaten and forcibly removed from his home by two police officers who were dispatched to perform a well-being check of plaintiff by request of plaintiff's physicians at the Veterans Administration. *Id.* at *1. Plaintiff subsequently brought numerous claims against the police officers, including claims for constitutional torts, common law claims, and a claim under Section 1985(3). *Id.* The officer defendants filed a motion to dismiss under Rule 12(b)(6). The district court granted the defendants' motion to dismiss on all claims. *Id.* at *11-12.

In the context of his Section 1985(3) claim, plaintiff claimed that disabled veterans are among the class of persons protected by Section 1985(3), but requested the district court to abstain from deciding the issue because no other court has addressed the question. *Id.* at *6. The district court rejected plaintiff's request and began its analysis by quoting a Fourth Circuit decision that relied heavily on prior Supreme Court authority defining the scope of Section 1985(3):

> In analyzing the [*United Brotherhood of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 836 (1983)] decision, we find little support for the contention that § 1985(3) includes in its scope of protection the victims of purely political conspiracies. **Indeed, the opinion in Scott exhibits a noticeable lack of enthusiasm for expanding the coverage of § 1985(3) to**

**MARINE CORPS LEAGUE DEFENDANTS' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS - 5**                                                BOI_MT2:642551.1

> *any classes other than those expressly provided by the Court.*
> Since the Court in *Griffin* provided blacks a remedy under §
> 1985(3) against private conspiracies, no other group or class has
> achieved similar status. *See, e.g., Great American Fed. S & L
> Ass'n v. Novotny*, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957
> (1979). As a result, the Court provided no authority on which to
> base the extension of § 1985(3) protection urged upon us here.

*Id.* at *7 (quoting *Harrison v. KVAT Food Management, Inc.*, 766 F.2d 155, *161 (4th Cir. 1985)) (emphasis added). Against this background, the district court concluded that disabled veterans did not come within the scope of persons protected by Section 1985(3) explaining:

> ***Neither in the plain language of the statute, the Congressional record, nor the decisions of any court can this court find any authority, intent, or basis for extending the protections of Section 1985(3) to disabled veterans***. Indeed, there are specific federal laws that provide protections for disabled veterans which postdate the enactment of Section 1985(3) . . . . ***[N]othing in the vast body of law that has developed since 1871, when what is now Section 1985(3) was first conceived, indicates any Congressional intent to include disabled veterans in the class of person protected by that provision***.

*Id.* (emphasis added).

The reasoning in *Cloaninger* applies with equal force to the claims presented here. Plaintiffs now expressly state that their Section 1985(3) claim is based on their status as disabled veterans. *See* Plaintiffs' Opposition Br. (CR 83) at 5. But, as the *Cloaninger* district court made clear—through its citation of relevant Supreme Court authorities defining the scope of Section 1985(3)—Plaintiffs' allegation that they are disabled veterans is insufficient to state a claim under Section 1985. Accordingly, such claim must be dismissed.

**C.  Plaintiffs Have Failed to State a Claim Against the League Defendants Under the Americans with Disabilities Act.**

Plaintiffs continue to claim that the League Defendants violated the Americans with Disabilities Act ("ADA"), but cite only to the "Findings and Purpose" section of the Act

and fail to cite any substantive section creating a cause of action or remedy. *See, e.g.*, Plaintiff's Opposition Br. (CR 83) at 5; Complaint, ¶ 83. As the League Defendants demonstrated in their opening brief, the "Findings and Purpose" section of the ADA does not create a cause of action. Moreover, as demonstrated in the League Defendants' opening brief, any claim under the ADA is not ripe for review because Plaintiffs have failed to file a charge of discrimination with the appropriate human rights agency. Plaintiffs have failed to address these critical failures in their opposition papers and, as a result, dismissal of Plaintiffs' claims against the League Defendants under the ADA is required.

### D. Plaintiffs Have Failed to State a Claim Against the League Defendants for a Violation of Due Process or Equal Protection under the Law.

With regard to Plaintiffs' opposition to the League Defendants' motion to dismiss the due process claim under the United States Constitution, Plaintiffs have dodged the critical question of whether membership in a private association gives rise to a constitutionally protected property interest. Moreover, Plaintiffs' only attempt to address the numerous authorities cited in the League Defendants' opening brief holding that membership in a private club does not give rise to a property interest falls well short of the mark. Specifically, Plaintiffs purport to distinguish these authorities on the grounds that the League is a non-profit corporation and not a private club. *See* Plaintiffs' Opposition Br. (CR 83) at 6-7. Plaintiffs present the Court with an archetypal distinction without a difference. Whether the League is organized as a non-profit corporation does not change its character as a private association. *See* Complaint, ¶ 94. Accordingly, the private association cases cited in the League Defendants' opening brief (CR 63-2 at 10-12) apply to the facts presented here.

Additionally, in an apparent attempt to support their claim for violation of due process, Plaintiffs also cite a provision from the Idaho Non-Profit Corporation Act for the first

**MARINE CORPS LEAGUE DEFENDANTS' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS - 7**                                              BOI_MT2:642551.1

time in their opposing brief.  *See* Plaintiffs' Opposition Br. (CR 83) at 15.  Specifically, Plaintiffs cite Idaho Code Section 30-3-43, which provides:

> A corporation *may* purchase the membership of a member who resigns or whose membership is terminated for the amount and pursuant to the conditions set forth in or authorized by its articles or bylaws.  No payment shall be made in violation of section 30-3-108, Idaho Code.

(Emphasis added).  The plain language of this provision is permissive ("may"), and does not create any obligation on the part of any Idaho non-profit corporation to purchase the membership of a terminated member.  Moreover, Plaintiffs skip over the choice of law issue:  It is highly questionable whether the Idaho Non-Profit Corporation Act applies to the named defendant, National Marine Corps League.  The League is federally chartered and, as a result, the Idaho Non-Profit Corporation Act has no applicability here.  *See* Restatement (Second) of Conflicts of Law § 302 (stating that "internal affairs" of a corporation involving the relations *inter se* of the corporation are governed by the law of the place of incorporation).

With regard to Plaintiffs' opposition to the League Defendants' motion to dismiss the equal protection claim, Plaintiffs have failed to present any authority to establish that they fall within a protected suspect class under Equal Protection jurisprudence of the United States Constitution.  Indeed, after a review of Plaintiffs' opposition brief, it appears that Plaintiffs' "equal protection" claim derives from the use of the term "equal protection" set forth in Section 1985.  Plaintiffs' Opposition Br. (CR 83) at 4-7.  But, as the Ninth Circuit has stated, it is well settled that the "'equal protection' language of the second clause of section 1985(2) [requires] an allegation of class-based animus for the statement of a claim under that clause." *Bretz v. Kelman*, 773 F.2d 1026, 1029 (9th Cir. 1985).  As demonstrated above, the Plaintiffs' claim that disabled

**MARINE CORPS LEAGUE DEFENDANTS' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS - 8**                                                                 BOI_MT2:642551.1

veterans are within the class of persons protected under Section 1985 has no merit and, therefore, Plaintiffs "equal protection" claim under Section 1985 must fail.

With regard to Plaintiffs' attempts to cure their failure to allege the requisite state action to support their due process and equal protection claims, Plaintiffs have cited two cases that involve claims under 42 U.S.C. § 1983, which claims were not pled in Plaintiffs' Complaint. Accordingly, these defendants object, and those cases have no applicability to the allegations presented by the only pleading on file, the Complaint. Therefore, dismissal of Plaintiffs' due process and equal protection claims under the United States Constitution must be dismissed.

### E.    Plaintiffs Have Failed to State A Claim for Defamation.

Plaintiffs have littered their brief with conclusory allegations that "every Defendant" must be held liable for defamation for statements involving imputation of a criminal offense. *See* Plaintiffs' Opposition Br. (CR 83) at 13. Plaintiffs do not specify any particular defendant or any specific defamatory statement in support of their claims. Instead, Plaintiffs state that "Plaintiff Swisher *is said* to be guilty of at least six felonies including: (1) perjury, (2) extortion, (3) blackmail, (4) rape and (5) fraud while Plaintiff Lindsey is said to be a (1) liar, (2) thief and (3) stalker." *Id.* It is difficult to tell whether Plaintiffs have artfully used the passive voice—that they are "said" to be guilty of criminal offenses—because they cannot identify which particular defendant allegedly uttered a specific defamatory statement, or whether use of the passive voice was merely a coincidence. In any event, conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss. *See Simpson v. AOL Time Warner Inc.*, 452 F.3d 1040, 1046 (9th Cir. 2006). This is especially true where, as here, Plaintiffs have done nothing more than offer untargeted allegations against the forty-plus

defendants in this action. Accordingly, to the extent that Plaintiffs have attempted to plead a defamation claim against the League Defendants, such claim must be dismissed.

F.  **This Court May and Should Decline to Exercise Judicial Review over the League's Expulsion Decision Because Subject Matter Jurisdiction Does Not Exist for Such Claim.**

Plaintiffs state that they are confused by the League Defendants' argument regarding this Court's exercise of supplemental jurisdiction under 28 U.S.C. § 1367. *See* Plaintiffs' Opposition Br. (CR 83) at 8. Plaintiffs' confusion is exemplified by their citation to 28 U.S.C. § 1343 (not cited in their Complaint, so the League Defendants object to its tardy reference or addition at this time), which statute purportedly provides a basis for the Court to exercise original jurisdiction over actions brought pursuant to 42 U.S.C. § 1985. *Id.* Plaintiffs' citation to 28 U.S.C. § 1343, untimely and insufficient though it is, does not defeat the analysis of the League Defendant's supplemental jurisdiction argument in their opening brief. *Id.* Therefore, it warrants no further discussion here.

### III.  CONCLUSION

For the foregoing reasons, the League Defendants respectfully request this Court to grant their motion to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted and dismiss this case in its entirety as against the League Defendants.

DATED this 1st day of March, 2007.

MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHARTERED

By_____
Stephen R. Thomas – Of the Firm
Attorneys for Defendant National
Marine Corps League and Certain
Member Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of March, 2007, I caused a true and correct copy of the foregoing **MARINE CORPS LEAGUE DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

Maurice O. Ellsworth
Trevor L. Hart
PERRY LAW, P.C.
2627 W. Idaho St.
P.O. Box 637
Boise, ID 83701-0637
*Attorneys for Defendants Idaho Division of Veterans Services and Its Employees Patrick D. Teague, Steven Teague and Ben Keeley*

David P. Claiborne
RINGERT CLARK CHARTERED
455 S. 3rd
P.O. Box 2773
Boise, ID 83701-2773
*Attorneys for Defendants Idaho Observer, Don Harkins, Roland Hinkson, and Greg Towerton*

Victoria L. Francis
Assistant U.S. Attorney
U.S. ATTORNEY'S OFFICE
P.O. Box 1478
Billings, MT 59103
*Attorneys for Defendants K.E. Collins, Bruce R. Tolbert, Lt. Col. Karen Dowling, Chief Warrant Officer W.E. Miller, William G. Swarens, Ms. Harper, G. Michaelick, R. James Nicholson, John Snow, National Personnel Records Center, General John Hagee, Agent Monty Stokes, Agent Bill Lamb, and Department of Veterans Affairs*

Mark S. Prusynski
MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
P.O. Box 829
Boise, ID 83701
*Attorneys for Defendant Wesley Hoyt*

AND, I HEREBY CERTIFY that on this 1st day of March, 2007, I caused a true and correct copy of the foregoing **MARINE CORPS LEAGUE DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** to be served by the method indicated below, and addressed to the following non-CM/ECF Registered Participants:

Elven Joe Swisher
304 Garrett St.
Cottonwood, ID 83522
*Plaintiff Pro Se*

(✓) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile

| | |
|---|---|
| Walter O. Lindsey<br>3506 23rd St.<br>Lewiston, ID 83501<br>*Plaintiff Pro Se* | (✓) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile |
| Bill Snow<br>P.O. Box 1206<br>Orofino, ID 83544<br>*Defendant Pro Se* | (✓) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile |
| Dave Lewis<br>205 Hill Rd.<br>Orofino, ID 83544<br>*Defendant Pro Se* | (✓) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile |
| Joseph Volk<br>P.O. Box 547<br>Kooskia, ID 83539<br>*Defendant Pr Se* | (✓) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile |

_____
Stephen R. Thomas

**MARINE CORPS LEAGUE DEFENDANTS' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS - 12**