IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ELVEN JOE SWISHER, and<br>WALTER O. LINDSEY, | ) | |
| | ) | Case No. CV-06-338-S-BLW |
| Plaintiffs, | ) | |
| | ) | **MEMORANDUM DECISION** |
| v. | ) | **AND ORDER ADOPTING** |
| | ) | **REPORT AND** |
| K.E. COLLINS, et al., | ) | **RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

On September 24, 2007, United States Magistrate Judge Larry M. Boyle

issued a Report and Recommendation ("R&R") in this matter.  Pursuant to 28

U.S.C. § 636(b)(1), the parties had ten days from the date of being served with a

copy of the R&R to file written objections.  On October 12, 2007, Plaintiffs filed

their objections.  Defendants then filed their responses to those objections, and

Plaintiffs filed reply briefs.

Pursuant to 28 U.S.C. § 636(b)(1) this Court may accept, reject, or modify,

in whole or in part, the findings and recommendations made by Magistrate Judge

Boyle.  The Court has conducted a de novo review of the record pursuant to 28

**Memorandum Decision and Order**
**Adopting Report and Recommendation - 1**

U.S.C. § 636(b) and is now prepared to rule on Plaintiffs' objections.

## ANALYSIS

### I.        Objection to R&R

In their objection, Plaintiffs address almost every section of Magistrate Judge Boyle's R&R.  However, Plaintiffs do not necessarily "object" to each section of the R&R.  In fact, Plaintiffs specifically state that they agree with Judge Boyle with respect to some sections of the R&R.  At other times, Plaintiffs dispute Judge Boyle's understanding of their claims, but they do not necessarily dispute Judge Boyle's ultimate conclusion with respect to a certain claim.

Accordingly, this Court will address only those sections of the R&R where Plaintiffs object to Judge Boyle's conclusions.  In doing so, the Court will liberally construe Plaintiffs's statements in order to consider them as objections.  The Court will note that to the extent it does not address a specific section of the R&R, the Court has nevertheless reviewed the entire R&R, and the Court found no reason not to adopt the entire R&R.

#### 1.        Section III.B. – Exhaustion of remedies and lack of subject matter jurisdiction.

Plaintiffs object to Judge Boyle's recommendation that this Court dismiss Plaintiffs' Section 1985 conspiracy claim, due process and equal protection rights

**Memorandum Decision and Order**
**Adopting Report and Recommendation - 2**

claims because "it seems reasonable that when the Veterans Administration placed the benefit issue before the Court and asked Federal District Court to punish Plaintiff Swisher, they submitted to the jurisdiction of Federal District Court in making a final determination on this issue."  (Plaintiffs' Objection, p. 5).

However, Judge Boyle clearly and correctly sets forth the appropriate legal standard for determining whether this Court has jurisdiction to review a VA determination of Swisher's disability compensation.  In short, Judge Boyle correctly states that review by this Court is precluded by 3 U.S.C. § 511.  Judge Boyle also lists several other cases reaching the same conclusion.  Moreover, Judge Boyle explains that the claims should be dismissed for the alternative reason that Plaintiffs did not exhaust their administrative remedies.  *Davis v. United States*, 36 Fed.Cl. 556, 560 (1996); 38 U.S.C. § 7105(a).  Accordingly, the Court will overrule Plaintiffs' objection.

## 2. Section III.C. – Jurisdiction over federal employees in their individual capacities.

Plaintiffs do not seem to object to Judge Boyle's recitation of the law with respect to determining jurisdiction over the federal employees in their individual capacities.  Instead, Plaintiffs take issue with Judge Boyle's conclusion that the vast majority of the federal employees had very limited contact with Idaho,

precluding personal jurisdiction over them.  Although Plaintiffs suggest that the federal employees had additional contact with Idaho, Plaintiffs lack any specific facts supporting their allegations.  Plaintiffs go on for pages about a conspiracy, but they simply fail to provide any relevant information as to why Judge Boyle's conclusion that this Court lacks personal jurisdiction over the vast majority of the federal employees is in error.  Accordingly, the Court will overrule Plaintiffs' objection.

### 3.      Section IV.A. – Preclusion doctrines.

Plaintiffs contend that "the mere fact that some evidence was previously introduced with respect to a matter which was not in issue, does not preclude the assertion of such matter in a subsequent action."  (Plaintiffs' Objection, p. 19).  Plaintiffs misunderstand res judicata and collateral estoppel, which Judge Boyle accurately describes in his R&R.  Judge Boyle also accurately explains why Plaintiffs' claims, which rest on the VA's disability determination, are barred by claim preclusion.  Accordingly, the Court will overrule Plaintiffs' objection.

### 4.      Section IV.B. – Section 1985 Conspiracy claim.

In their objection to Section IV.B., Plaintiffs make several general statements that the defendants conspired against Plaintiffs through contacts and meeting of the minds.  However, Plaintiffs do not address Judge Boyle's finding

**Memorandum Decision and Order**
**Adopting Report and Recommendation - 4**

that the Plaintiffs' claim is too conclusory and attenuated to support a conspiracy claim.  As Judge Boyle accurately states, mere allegations of conspiracy without factual specificity is insufficient to support a Section 1985 conspiracy claim. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988). Accordingly, the Court will overrule Plaintiffs' objection.

### 5.     Section IV.D-1. – Due Process claims against federal employees.

Judge Boyle recommends that this Court dismiss Plaintiffs' due process claims against the federal employees in their personal capacities because the Supreme Court has not extended the basis for *Bivens* claims where alternative remedies are available.  *Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 72-74 (2001). Judge Boyle then explains that the VA has set up a comprehensive remedial scheme providing "meaningful remedies against the United States."  *Bush v. Lucas*, 462 U.S. 367, 368 (1983).

Plaintiffs object to Judge Boyle's recommendation, arguing that the VA has no court available to handle due process violations.  Plaintiffs cite no authority for this assertion, nor do they explain why they would nevertheless have a meaningful remedy.  Accordingly, the Court will overrule Plaintiffs' objection.

### 6.     Section IV.D-2. – Qualified immunity.

In this section of their objection, Plaintiffs re-assert their claims and alleged

damages, but they wholly fail to address the qualified immunity standard or how it does or does not apply to this case. Accordingly, the Court will overrule Plaintiffs' objection.

### 7.     Section IV.F-1. – Defamation against federal employees.

Judge Boyle recommends that the defamation claims against the federal employees be dismissed because the United States has provided certification that the employees were acting within the scope of their employment at the time of the incidents alleged in the Complaint. Judge Boyle accurately interprets the law. 28 U.S.C. § 2679(b)(1); *Adams v. United States*, 420 F.3d 1049, 1052 (9th Cir. 2005).

Plaintiffs' objection rests solely on an assertion that the federal employees did not act within the scope of their employment. Plaintiffs' blanket statement is not sufficient, given the certification provided by the United States. *See Certification of Scope of Employment Under 28 U.S.C. § 2679(d)*, p. 2 (Docket No. 9). Accordingly, the Court will overrule Plaintiffs' objection.

### 8.     Section IV.I-1. – Swisher's request to correct his military record.

Judge Boyle recommends that this Court dismiss Plaintiff Swisher's request to correct his military record because he has not exhausted his administrative remedies. 5 U.S.C. § 552a(d)(3), (g)(1); *Hill v. United States Air Force*, 795 F.2d 1067, 1069 (D.C.Cir. 1986). Plaintiff now contends that he sent a letter to the

National Personnel Records requesting a correction to his military record. Plaintiff's letter does not fulfill the requirements of petitioning for administrative review of his record with the Board for Correction of Naval Records.  10 U.S.C. § 1552; 5 U.S.C. § 701 *et seq*; *Miller v. Lehman*, 801 F.2d 492, 497 (D.C.Cir. 1986).  Accordingly, the Court will overrule Plaintiffs' objection.

### 9.    Motion for Preliminary Injunction.

Plaintiffs' object to Judge Boyle's recommendation that this Court deny their motion for preliminary injunction.  Plaintiffs suggest that it is beyond doubt that they will prevail on the merits of their defamation claims.  However, as Judge Boyle stated, Defendants have made a strong argument that their publications may be protected by the newspaper publication privilege.  Idaho Code § 6-713.  Thus, because Plaintiffs have not demonstrated that they are likely to succeed on the merits in this case, or that serious questions exist on the merits, the motion will be denied.  *Self-Realization Fellowship Church v. Ananda*, 59 F.3d 902, 913 (9th Cir. 1995).  Accordingly, the Court will overrule Plaintiffs' objection.

## II.    Motion to Amend

The Court also has before it Plaintiffs' Motion to Amend their Complaint (Docket No. 140).  The Court will grant the motion in part and deny the motion in part.  Plaintiffs may not add additional claims (except with respect to the breach of

**Memorandum Decision and Order**
**Adopting Report and Recommendation - 7**

contract claim against the League as stated in the Order section of this decision) or amend their complaint to re-assert claims dismissed by this Court in adopting Judge Boyle's R&R.  Any such claims asserted in the amended complaint will be summarily dismissed.

However, Plaintiffs must amend their complaint to comply with the Court's order granting Defendants' request for a more definite statement.  Plaintiffs shall amend their Complaint to set forth their Privacy Act claims in a manner that designates which particular defendants violated the Act and the general manner in which each Defendant violated the Act.  Likewise, the amended complaint must include the remaining defamation claims.

## ORDER

For the reasons stated above, Plaintiffs' objections to the R&R are overruled and denied.  Because the Court finds that Judge Boyle's R&R to be well founded in law, the Court hereby accepts it in its entirety, and adopts as its own the findings made by Judge Boyle.  Accordingly, acting on the recommendations of Judge Boyle, and this Court being fully advised in the premises,

NOW THEREFORE IT IS HEREBY ORDERED that the Motion to Dismiss Federal Agencies and All Federal Employees in Their Official Capacity and for More Definite Statement (Docket No. 16) shall be, and the same is hereby

GRANTED in part and DENIED in part, as set forth in the R&R.  Specifically, all claims against the federal agencies and the federal employees in their official capacity shall be dismissed except for Plaintiffs' Privacy Act Claims. Additionally, Defendants' request for a more definite statement of Plaintiffs' Privacy Act claims shall be granted and Plaintiffs are required to file, within 30 days of the date of this Order, an amended complaint setting forth their Privacy Act claims in a manner that designates which particular Defendants violated the Act and the general manner in which each Defendant violated the Act.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Deny U.S. Attorney's Motion to Dismiss Federal Agencies and All Federal Employees (Docket No. 58) shall be, and the same is hereby DENIED in all respects except as it relates to Plaintiffs' Privacy Act claims.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Federal Employees Sued in Their Individual Capacity (Docket No. 73) shall be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that The Motion to Dismiss filed by Defendant Wesley Hoyt (Docket No. 61) shall be, and the same is hereby, GRANTED in part and DENIED in part.  Specifically, the motion is granted as to all claims except the defamation claim.  This defamation claim should be included in the amended

**Memorandum Decision and Order**
**Adopting Report and Recommendation - 9**

complaint.

IT IS FURTHER ORDERED that The Motion to Dismiss filed by Duane Anderson, Michael Blum, Dick Brown, Dennis Dressler, Barry Georgopulos, Robert Gilmore, A.M. Gray, Paul Hastings, Helen Hicks, Frank Kish, Dave Lewis, Mike Meade, the National Marine Corps League, Bill Snow, and Vic Voltaggio (Docket No. 63) shall be, and the same is hereby, GRANTED in part and DENIED in part.  Specifically, it is granted s to all claims except the defamation claim, and Plaintiffs shall be allowed to file an amended complaint setting forth a breach of contract claim against the League.  The defamation claims against Defendants Gray and Brown shall be dismissed and Plaintiffs shall be required to re-state their defamation claims against all other League defendants in their amended complaint.

IT IS FURTHER ORDERED that The Motion to Dismiss filed by Don Harkins, Roland Hinkson, the Idaho Observer, and Greg Towerton (Docket No. 75) shall be, and the same is hereby, GRANTED in part and DENIED in part. Specifically, it is granted as to all claims except the defamation claim.

IT IS FURTHER ORDERED that The Motion to Dismiss filed by the Idaho State Veterans Service Program, Patrick D. Teague, and Steven Teague (Docket No. 97) shall be, and the same is hereby, GRANTED in part and DENIED in part. Specifically, it is granted as to all claims except any defamation claims that may be

properly pled against Defendants Patrick and Steven Teague in their personal capacities in an amended complaint.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Preliminary Injunction (Docket No. 117) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that The Motions to Strike filed by Defendants Don Harkins, Roland Hinksin, the Idaho Observer, and Greg Towerton (Docket Nos. 128 & 130) shall be, and the same are hereby, DEEMED MOOT.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Reconsideration (Docket No. 123) shall be, and the same is hereby, DEEMED MOOT.  Because all of the claims against the federal employees in their personal capacities have been dismissed, and extension of time for serving the Complaint and summons on these employees or a grant of the request to serve them by publication would provide Plaintiffs with no meaningful relief as they cannot maintain an action against them.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Amend (Docket No. 140) shall be GRANTED in part and DENIED in part as explained above.

DATED:  **March 10, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order**
**Adopting Report and Recommendation - 11**