Stephen R. Thomas, ISB No. 2326
MOFFATT, THOMAS, BARRETT, ROCK &
        FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho  83701
Telephone  (208) 345-2000
Facsimile  (208) 385-5384
srt@moffatt.com
13782.0183

Attorneys for Defendant National
Marine Corps League and Certain
Member Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELVEN JOE SWISHER and WALTER O. LINDSEY,<br><br>        Plaintiffs,<br><br>vs.<br><br>K.E. COLLINS, MIKE MEADE; PATRICK D. TEAGUE; STEVEN TEAGUE; JOSEPH VOLK; FRANK KISH; VIC VOLTAGGIO; DENNIS DRESSLER; BEN KEELEY; BRUCE R. TOLBERT; LT. COL. KAREN DOWLING; ROBERT GILMORE; BILL SNOW; DAVE LEWIS; JOHN DOE (Treasury Dept.-U.S. Agency); CHIEF WARRANT OFFICER W.E. MILLER; WILLIAM G. SWARENS; DUANE ANDERSON; MS. HARPER; MICHAEL A. BLUM; HELEN HICKS; A.M. GRAY; RICHARD "DICK" BROWN; JOHN DOES 1-15; JANE DOES 16-20; JOHN DOES 16-20; JANE DOES 16-20; NATIONAL MARINE CORPS LEAGUE (US corp.); IDAHO OBSERVER; DON HARKINS; G. MICHALICK; WESLEY HOYT; | Civil No. 06-338-S-BLW<br><br>**REPLY MEMORANDUM IN SUPPORT OF LEAGUE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOCKET NO. 225)** |

**REPLY MEMORANDUM IN SUPPORT OF LEAGUE DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (DOCKET NO. 225) - 1**

ROLAND HINKSON; HON. R. JAMES
NICHOLSON (V.A.-US Agency); JOHN
SNOW (Treasury Dept.-US Agency);
NATIONAL PERSONNEL RECORDS
CENTER (US Agency); IDAHO STATE
VETERANS SERVICE PROGRAM (Idaho
State Agency); GENERAL JOHN HAGEE
(USMC-US Agency); AGENT MONTY
STOKES; AGENT BILL LAMB; PAUL
HASTINGS; GREG TOWERTON; BARRY
GEORGOPOLOUS; VETERANS
ADMINISTRATION AND/OR
DEPARTMENT OF VETERANS AFFAIRS
(US Agencies),

Defendants.

## I.      INTRODUCTION

Plaintiffs have failed to come forward with evidence to support their claims

against the National Marine Corps League (the "League") and certain of its members[1]

(collectively "League Defendants").  In a failed effort to support their allegations with evidence

of disputed issues of fact—the key to defeating a motion for summary judgment—plaintiffs do

nothing more than rehash the allegations in their Second Amended Complaint, Part 1 of 5

(Docket No. 168).  Because plaintiffs' version of the events described in the Second Amended

Complaint has not materialized into *actual proof*, summary judgment is warranted on all claims.

## II.      ARGUMENT

Plaintiffs' failures to come forward with evidence to defeat the League

Defendants' motion for summary judgment are numerous and will be concisely addressed below.

However, the League Defendants must first clarify a very serious—but false—accusation leveled

---

[1] Those members are Mike Meade, Frank Kish, Vic Voltaggio, Dennis Dressler, Robert
Gilmore, Duane Anderson, Michael A. Blum, Helen Hicks, Paul Hastings, Barry Georgopulos,
Dave Lewis, and Bill Snow.

**REPLY MEMORANDUM IN SUPPORT OF LEAGUE DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (DOCKET NO. 225) - 2**      Client:1153991.1

against them by plaintiffs.  Specifically, plaintiffs claim that the League Defendants somehow "tampered with, changed and removed portions of the League's By-laws as submitted by Defendant Vic Voltaggio."  *See* Docket No. 241 at 2.  To support this baseless contention, plaintiffs identify portions from the National Marine Corps League Bylaws of which they claim were not provided in the League Defendants' summary judgment materials.  Plaintiffs further claim that they "attached those portions to the By-Laws (see Declaration of Elven Joe Swisher) that were in existence at the time of the League's breach of contract."  Plaintiffs' allegations are false, as the League Defendants submitted the entire 178-page version of the By-Laws in effect at the time of plaintiffs' discipline proceedings.  Thus, each of the allegedly "missing" pages with certain By-Law provisions that plaintiffs submitted as attachments to the Declaration of Elven Joe Swisher were indeed included in the Declaration of Vito H. Voltaggio, filed January 26, 2009.  *See* Docket No. 225-6.[2]

---

[2] The following comprises a cross-reference between the alleged "missing" pages attached to the Declaration of Elven Joe Swisher (Docket No. 242-3) and the Declaration of Vito H. Voltaggio (Docket No. 225-6):

| Declaration of Elven Joe Swisher | Declaration of Vito H. Voltaggio |
| --- | --- |
| Docket No. 242-3, Page 14 of 22 | Docket No. 225-7, Page 1 of 78 |
| Docket No. 242-3, Page 15 of 22 | Docket No. 225-7, Page 66 of 78 |
| Docket No. 242-3, Page 16 of 22 | Docket No. 225-7, Page 67 of 78 |
| Docket No. 242-3, Page 17 of 22 | Docket No. 225-7, Page 112 of 78 |
| Docket No. 242-3, Page 18 of 22 | Docket No. 225-7, Page 113 of 78 |
| Docket No. 242-3, Page 19 of 22 | Docket No. 225-7, Page 114 of 78 |
| Docket No. 242-3, Page 20 of 22 | Docket No. 225-7, Page 115 of 78 |

**A.      Further Discovery Is Neither Necessary Nor Warranted.**

The League Defendants join in the arguments, briefing, and authorities advanced by other co-defendants relating to plaintiffs' requests for additional discovery.  *See* Docket Nos. 244 at 1 and 246 at 2.

**B.      Summary Judgment on Plaintiffs' Breach of Contract Claims Is Appropriate.**

In their opposition to the League Defendants' motion for summary judgment regarding plaintiffs' breach of contract claims, plaintiffs rest on their mere allegations set forth in the Second Amended Complaint.  *See* Docket No. 242 at 2.  As stated above and for the reasons stated in the League Defendants opening brief, plaintiffs' allegations are insufficient to defeat summary judgment.

Additionally, plaintiffs incorrectly claim that the Idaho Non-Profit Corporation Act, Idaho Code Section 30-3-42, precludes the entry of summary judgment.  Plaintiffs' argument is misplaced.  First, Idaho Code Section 30-3-42 applies to non-profit organizations formed under the laws of the state of Idaho.  *See* Idaho Code § 30-3-1.  Plaintiffs readily acknowledge that the League is a federally chartered organization.  *See* 242 at 3.  Accordingly, the Idaho Non-Profit Corporation Act has no application here; even if it did, the League has complied with the termination provisions set forth in Section 30-3-42.  Specifically, that section provides:

> 30-3-42.  **Termination, expulsion and suspension.** (1) No member, except a member of a religious corporation, may be

| | |
|---|---|
| Docket No. 242-3, Page 21 of 22 | Docket No. 225-7, Page 116 of 78 |
| Docket No. 242-3, Page 22 of 22 | Docket No. 225-7, Page 117 of 78 |

**REPLY MEMORANDUM IN SUPPORT OF LEAGUE DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (DOCKET NO. 225) - 4**          Client:1153991.1

expelled or suspended, and no membership or memberships in
such corporations may be terminated or suspended ***except
pursuant to a procedure that is fair and reasonable and is carried
out in good faith.***

(2)  A procedure is fair and reasonable when . . .:

(b)  It is fair and reasonable taking into consideration all of
the relevant facts and circumstances. . . .

Idaho Code § 30-3-42 (emphasis added).

Idaho Code Section 30-3-42 simply codifies the case law cited in the League
Defendants' opening summary judgment brief regarding judicial review of expulsion
proceedings and adds nothing new here.  *See* Docket No. 225-3 at 12, citing *Richards v.
Morison*, 229 Mass. 458 (1918) (focusing on whether the expulsion proceedings were conducted
in good faith and complied with basic concepts of fundamental fairness).  As the League
Defendants demonstrated, the procedures afforded to plaintiffs were fundamentally fair,
reasonable, and carried out in good faith.   Plaintiffs continue to ignore that each of their
discipline hearings lasted several *hours*, they were represented by advocates, they were permitted
to call witnesses, they were permitted to introduce evidence, they were permitted to make
arguments, they were given leeway in the presentation of their arguments, and the proceedings
were recorded.  *See* Statement of Undisputed Facts (Docket No. 225-2) at ¶¶ 11-14.

Simply put, plaintiffs have failed to come forward with evidence to support a
claim for material breach of the League Defendants' By-Laws or Administrative Procedures.
Accordingly, plaintiffs' claim for breach of contract must be dismissed.

**C.**    **Summary Judgment on Plaintiff's Defamation Claims Is Appropriate.**

In their opposition to the League Defendants' motion for summary judgment
regarding plaintiffs' defamation claims, plaintiffs rest on their mere allegations set forth in the

**REPLY MEMORANDUM IN SUPPORT OF LEAGUE DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (DOCKET NO. 225) - 5**           Client:1153991.1

Second Amended Complaint.  *See* Docket No. 242 at 8.  As stated above and for the reasons

stated in the League Defendants' opening brief, plaintiffs' allegations are insufficient to defeat

summary judgment.  Moreover, the League Defendants continue to chase a moving target as it

relates to plaintiffs' defamation claims.  Specifically, for the first time, plaintiffs focus on the

*procedures* for their April 1, 2006, discipline hearing as some basis for establishing defamation.

*See* Docket No. 242 at 8-11.  However, these new allegations do not support a claim for

defamation against the League Defendants.  Plaintiffs also repeat the same baseless allegations

set forth in their Second Amended Complaint regarding their speculative and unproven claims

for defamation.  Such allegations are insufficient at the summary judgment stage.

       Finally, to support their claim for defamation against the League Defendants,

plaintiffs identify a memorandum document allegedly provided by Roland Hinkson—who is not

a member of the League—to a member of the League's Hearing Board, Vic Voltaggio, on March

29, 2006, just three days before the April 1, 2006, discipline hearing.  *See* Docket No. 242 at 24-

29.[3]  To the extent that the Hinkson memorandum contains any defamatory content, there is no

proof that such content was authored or verbalized by any League Defendant, nor is there any

proof that a League Defendant republished the same.  Moreover, to the extent that the Hearing

Board referenced or reviewed the information contained in the Hinkson memorandum in

connection with the April 1, 2006, discipline hearing, such use of the memorandum is privileged

and not defamatory.  As noted in the League Defendant's opening brief, several courts have held

that statements made during club expulsion proceedings are privileged and will not support a

---

[3] This document is attached to plaintiffs' *Memorandum in Opposition to League
Defendants' Motion for Summary Judgment* and is offered by plaintiffs without any
authentication or foundation thus violating Federal Rule of Civil Procedure 56(e).

**REPLY MEMORANDUM IN SUPPORT OF LEAGUE DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (DOCKET NO. 225) - 6**

claim for defamation. *Aspell v. Am. Contract Bridge League*, 122 Ariz. 399, 595 P. 2d 191 (Ct. App. 1979); *Loeb v. Geronemus*, 66 So. 2d 241 (Fla. 1953); *Preston v. Land,* 220 Va. 118, 255 S.E.2d 509 (1979); *cf. Richeson v. Kessler*, 73 Idaho 548, 552-53, 255 P.2d 707, 709 (1953) ("defamatory matter published in the due course of a judicial proceeding, having some reasonable relation to the cause, is absolutely privileged and will not support a civil action for defamation although made maliciously and with knowledge of its falsity.").

### III.   CONCLUSION

For all the foregoing reasons, the League Defendants respectfully request this Court to grant summary judgment as to all claims filed by plaintiffs.

DATED this 9th day of March, 2009.

MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHARTERED

By____/s/_____
       Stephen R. Thomas – Of the Firm
       Attorneys for Defendant National
       Marine Corps League and Certain
       Member Defendants

**REPLY MEMORANDUM IN SUPPORT OF LEAGUE DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (DOCKET NO. 225) - 7**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of March, 2009, I caused a true and correct copy of the foregoing **REPLY MEMORANDUM IN SUPPORT OF LEAGUE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOCKET NO. 225)** to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

Maurice O. Ellsworth
Trevor L. Hart
PERRY LAW, P.C.
2627 W. Idaho St.
P.O. Box 637
Boise, ID 83701-0637
*Attorneys for Defendants Idaho Division of Veterans Services and Its Employees Patrick D. Teague, Steven Teague and Ben Keeley*

David P. Claiborne
RINGERT CLARK CHARTERED
455 S. 3rd
P.O. Box 2773
Boise, ID 83701-2773
*Attorneys for Defendants Idaho Observer, Don Harkins, Roland Hinkson, and Greg Towerton*

Victoria L. Francis
Assistant U.S. Attorney
U.S. ATTORNEY'S OFFICE
P.O. Box 1478
Billings, MT 59103
*Attorneys for Defendants K.E. Collins, Bruce R. Tolbert, Lt. Col. Karen Dowling, Chief Warrant Officer W.E. Miller, William G. Swarens, Ms. Harper, G. Michaelick, R. James Nicholson, John Snow, National Personnel Records Center, General John Hagee, Agent Monty Stokes, Agent Bill Lamb, and Department of Veterans Affairs*

Mark S. Prusynski
MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
P.O. Box 829
Boise, ID 83701
*Attorneys for Defendant Wesley Hoyt*

AND, I HEREBY CERTIFY that on this 9th day of March, 2009, I caused a true and correct copy of the foregoing **REPLY MEMORANDUM IN SUPPORT OF LEAGUE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOCKET NO. 225)** to be served by the method indicated below, and addressed to the following non-CM/ECF Registered Participants:

Elven Joe Swisher
304 Garrett St.
Cottonwood, ID 83522
*Plaintiff Pro Se*

( X ) U.S. Mail, Postage Prepaid
(  ) Hand Delivered
(  ) Overnight Mail
(  ) Facsimile

**REPLY MEMORANDUM IN SUPPORT OF LEAGUE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOCKET NO. 225) - 8**

Client:1153991.1

Walter O. Lindsey                    ( X ) U.S. Mail, Postage Prepaid
3506 23rd St.                        ( ) Hand Delivered
Lewiston, ID  83501                  ( ) Overnight Mail
*Plaintiff Pro Se*                   ( ) Facsimile


        /s/
Stephen R. Thomas