

**FILED**

JAN 14 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELVEN JOE SWISHER and WALTER O. LINDSEY, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> K. E. COLLINS; et al., <br><br> Defendants - Appellees. | No. 09-35638 <br><br> D.C. No. 1:06-cv-00338-BLW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
Tena Campbell, District Judge, Presiding

Submitted December 8, 2010[**]
Seattle, Washington

Before: O'SCANNLAIN and PAEZ, Circuit Judges, and KENDALL, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Virginia Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

Elven Joe Swisher ("Swisher") and Walter O. Lindsey ("Lindsey") appeal an order by the district court granting summary judgment on their Privacy Act, defamation and breach of contract claims in favor of defendants. They also challenge the district court's decision under Federal Rule of Civil Procedure 56(f) not to permit further discovery. We review *de novo* a district court's grant of summary judgment, and a ruling under Fed. R. Civ. P. 56(f) for abuse of discretion. *Rockwell Int'l Corp. v. Hanford Atomic Metal Trades Council*, 851 F.2d 1208, 1210 (9th Cir. 1988); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**1.** Swisher first argues that the U.S. Marine Corps, National Personnel Records Center, the Department of Treasury, and the Department of Veterans Affairs ("federal agency defendants") violated the Privacy Act ("Act"), 5 U.S.C. § 552a. The record evidence, however, does not support such a finding. Rather, the record evidence shows that some of the contested disclosures do not meet the definition of documents contained within a "system of records" maintained by any of the federal agency defendants. *Id.* at § 552a(b); *Baker v. Department of Navy*, 814 F.2d 1381, 1384 (9th Cir. 1987). Further, a number of the remaining disclosures fall within specialized categories under the Act that allow for the release of information

without consent. *See* 5 U.S.C. §§ 552a(a)(7), 552a(b)(11); 32 C.F.R. § 310.22(b)(5).

Even assuming that Swisher was able to demonstrate a violation of the Act, he fails to show that the violations were willful or intentional. *See Rose v. United States*, 905 F.2d 1257, 1259 (9th Cir. 1990). Accordingly, the district court properly granted summary judgment on Swisher's Privacy Act claim.

**2.** Swisher and Lindsey alleged that the Marine Corps League ("League"), including a number of its members and officers, The Idaho Observer, and Patrick and Steven Teague defamed their character and reputation. Specifically, Swisher and Lindsey contend that the defendants referred to them as "extortionists," "blackmailers," "rapists," and "stalkers." In response to the defendants' motions for summary judgment, Swisher and Lindsey failed to present any admissible evidence that demonstrates a genuine issue of material fact regarding whether these statements were in fact made. Thus, because Swisher and Lindsey failed to present any admissible evidence, the district court properly granted summary judgment as a matter of law on the defamation claims.

We further note that with regard to the Teagues, any alleged defamatory statements are barred by the Idaho Tort Claims Act ("ITCA"). The Teagues were state employees with the Idaho Division of Veterans Services at the time the

3

relevant events occurred. The ITCA provides employees with governmental immunity from defamation claims arising out of actions within the employee's scope of employment, if such actions were without malice or criminal intent. Idaho Code Ann. § 6-904(3). Here, Swisher and Lindsey failed to present any evidence to rebut the Teagues' evidence that any such alleged statements occurred within the scope of their employment. Moreover, the summary judgment record does not show that any of the alleged defamatory statements were made with malice or criminal intent.

**3.**     Next, Swisher and Lindsey contend that the League violated its bylaws when it expelled Swisher and suspended Lindsey from the organization. The district court found that the League's Bylaws and Administrative Procedures ("Bylaws") constitute the League's contract with its members, and thus the court's review was limited to whether the League followed the procedures set forth in the Bylaws. The evidence in the summary judgment record demonstrates that the League substantially complied with its procedures by providing Swisher and Lindsey with adequate notice of the charges against them, and a full and fair hearing to present their defenses to the charges. Moreover, both Swisher and Lindsey were represented by advocates during the hearing. Because the League complied with its procedures, Swisher and Lindsey's breach of contract claim fails as a matter of

4

law. Therefore, the district court did not err in granting summary judgment on this claim

4. Finally, Swisher and Lindsey contend that the district court should have granted their Rule 56(f) request for a continuance. Rule 56(f) allows the district court to "order a continuance" to conduct additional discovery when a party opposing a motion for summary judgment "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(f). A district court's denial of a Rule 56(f) request is reviewed for abuse of discretion. *Margolis*, 140 F.3d at 853.

Here, Swisher and Lindsey did not present specific reasons to support their request, but rather relied on the generalized and conclusory allegations contained in their complaint and other documents previously filed. Moreover, Swisher and Lindsey had ample time and opportunity to conduct discovery, but failed to do so. We therefore conclude that the district court did not abuse its discretion in denying Swisher and Lindsey's Rule 56(f) motion.

**AFFIRMED.**

5